SAMUEL ZETTLEMOYER V. JOHN W. MEARS AND WIFE.

Decided May 4, 1904.

**Homestead—Abandonment—Mortgage.**

Evidence considered and held sufficient to support a finding that mortgaged land had not been abandoned as homestead when the mortgage was given thereon, though the mortgagor owned and resided on another place.

Appeal from the District Court of Menard. Tried below before Hon. J. W. Gimmins.

*Wright & Wynn,* for appellant.

No briefs for appellees.

JAMES, CHIEF JUSTICE.—The only question presented by appellant is the sufficiency of the testimony to sustain a finding that the mortgaged land had not been abandoned as homestead when appellant took a mortgage thereon. Further than this a statement of the case is unnecessary.

It appears from testimony in the record that in the latter part of 1897 Mears, with his wife and three children, moved from the farm in question, which was in Menard County, to a place in Menardville, which place he purchased in the spring of the following year, and where he has since lived. The place has not been fully paid for. Plaintiff testified that when he loaned the money Mears told him he was through with the farm and that he would never make Mrs. Mears live there again, and that his home was here in Menardville on the place where he was living. It was proved that Mears had voted in Menardville at every election since moving there, and that the farm was in another precinct. Also that he had not cultivated the farm since he left it, and had been renting it out, but kept on it what few cattle he had, also his work horses, which he would go and get when he wanted to use them; also that the house on the farm was a two-room house, in very bad repair at the time of the trial, but habitable and people were living in it. The place in Menardville was a six-room house. He now has now four children, the oldest, however, having married and moved away.

Mears testified that he had no recollection of telling Zettlemoyer that he never intended to take his wife back to the farm; that he moved to Menardville for the purpose of educating his children; never intended to permanently abandon the farm as his homestead, and always had the intention of returning to it. Mrs. Mears testified that when they moved to Menardville they had no intention of permanently abandoning their home on the farm, but came there to school their children with the expectation of making the farm their permanent home. She did not know that the home on the farm was suitable for their family or not, but that they did live in it for nine years. The reason that they bought the

house in town was that they got it on such terms that it was about like paying rent.

William Bevans, a banker (presumably in Menardville), testified that he had loaned Mears money to take up his purchase money notes on the place in Menardville, and that about a year ago Mears told him he was going to move back to the farm.

From this testimony it can not be said as a matter of law that Mears had prior to the mortgage formed the intent not to return to live on the farm. The conclusion as to this fact, which the trial judge necessarily made in rendering his judgment, can not on this evidence be set aside.

*Affirmed.*