MARY C. VICTOR, Appellant, v. MRS. G. E. GRIM-
MER and W. REA HEATH et al., Respondents.

**Kansas City Court of Appeals, June 4, 1906.**

1. **HOMESTEAD: Abandonment: Intention.** Whether an owner
when leaving his homestead abandons the same is a question of
his intention, since the essence of abandonment is that it
should be made with the intention of giving up the place as a
home.

2. ———: ———: **Evidence.** The evidence relating to removal
from a homestead is reviewed and held to support the finding
of the trial court that there was no intention to abandon the
homestead, to which finding the appellate court defers.

Appeal from Jackson Circuit Court. — *Hon. James H.
Slover,* Judge.

AFFIRMED.

*Fyke & Snyder* for appellant.

(1) The facts as undisputed make out a *prima
facie* case of abandonment of the homestead. The courts,
as a rule have been liberal in the protection of homestead
rights but at the same time have been consistent and have
held uniformly that in order to entitle any property to
that protection thrown around homesteads, it must in
fact and actually be used for homestead purposes. Ren-
tal is not such a purpose. The following cases are in
point: Kaes v. Gross, 92 Mo. 655; Slende v. Behons, 6
Mo. App., 309; Thomp. on Homesteads, secs. 259, 265,
267, 272, 278, 288; Smith v. Bunn, 75 Mo. 559; Stotes-
bury v. Kirtland, 35 Mo. App. 153, 160.

*W. Rea Heath* for respondent.

(1) Lot 26 was exempt and the sheriff had once
so declared it, and the present sheriff was right in grant-
ing the exemption. State v. Davis, 80 Mo. 239.    (2)

There was, under the evidence, no abandonment of the homestead. Wiggins v. Chance, 54 Ill. 175; Bart v. Brewster, 75 Iowa 631, 36 N. W. 649; Kessen v. Davenport, 96 Iowa 330, 65 N. W. 30; Karding v. Joackinsthal, 98 Mich. 78, 56 N. W. 1101; Cooper v. Barham, 19 S. W. 704; Lindsay v. Murphy, 76 Va. 428; Moore v. Flynn, 135 Ill. 74, 25 N. W. 844; Repern v. Davis, 72 Iowa 548, 34 N. W. 326; Bealy v. Blake, above cited; Banking Co. v. Brown, 165 Mo. 32; Duffy v. Willis, 99 Mo. 132; Holmes v. Nichols, 93 Mo. App. 514, and cases cited.

BROADDUS, P. J.—This is an appeal from the judgment of the circuit court in overruling a motion to quash the return of the officer on an execution setting aside the property levied on as exempt because it was the homestead of one of the defendants.

The judgment bears date April 13, 1901, and was rendered in favor of the plaintiff and against the defendants. In October following, an execution was issued under the judgment and levy made by the officer on the lot claimed by defendant Heath as a homestead. The sheriff set off the property to defendant Heath as his homestead. In December, 1904, Heath rented the premises to a man by the name of Miller for an indefinite length of time and moved to another house, which he claimed belonged to his wife. In March, 1905, a second execution was issued on the judgment which was also levied upon said property of Heath's, who again filed his claim for exemption as a homestead. The sheriff made his return giving as a reason for his refusal to sell it under the execution that it was exempt as defendant's homestead. To this return plaintiff filed her motion to quash. The court overruled the motion, from which action of the court plaintiff appealed.

The evidence of defendant Heath was, that he did not move from the property with the intention to aban-

don it as a homestead; that the reason for his doing so was a saloon had been licensed nearby, which was distasteful to his wife and himself and that he moved onto the property of his wife with the expectation of returning as soon as he could have the saloon abated; that he and other citizens had made persistent efforts to have the proper authorities revoke the saloon license, but up to the date of the trial had not succeeded in so doing, but that he had every assurance of ultimate success in that direction, at which time he would return to his homestead. He further stated that he left his garden tools, some lumber, a bedroom set, kitchen and porch chairs, and some fifty or sixty chickens on the place, which were still there at the time of the trial. In this latter statement, he is corroborated by Miller, his tenant. His evidence stands practically uncontradicted. It is true plaintiff showed that he was occupying his wife's property as his home at the date of the trial, which of itself proves but little in contradiction to what we have stated.

The plaintiff insists: First, that the defendant's right to the homestead ceased to exist when he rented to Miller and acquired another residence with no fixed purpose of returning. In Smith v. Bunn, 75 Mo., 559, the court quotes with approval the following language of the opinion in the Matter of the Estate of John Phelan, 16 Wis. 80: "When the owner of a house and lot voluntarily removes from it, and takes up another residence in the same town, not from temporary necessity, for the purpose of repairing the homestead or otherwise, but with a view to the more convenient transaction of business elsewhere, renting the old home to other parties, it can no longer be said to be his homestead, and a vague intention to return perhaps at some future time and reside there again would not make it such." Where a party removed to another state in order to find better remuneration for his labor, if ever it appeared that he could better his condition by so doing, it was held that

he could not claim homestead exemption rights. [Stotesbury v. Kirtland, 35 Mo. App. 148.]

Secondly, it is claimed that defendant in moving from his homestead to the house of his wife is conclusive proof of abandonment of the former. In Kaes v. Gross, 92 Mo. 647, the facts were: The husband had acquired a homestead; afterwards he died; the wife remarried and almost immediately she removed with her children and household goods to the home of her then husband in another county, where they resided for nearly four years; and that when she moved she had no special intention of returning. The court held that the acquisition of the new homestead at the residence of her second husband was conclusive as to her abandonment of her former home. One reason given for the holding was that "the whole theory of the law is repugnant to the idea of two homesteads being in existence at the same time." Thompson on Homesteads and Exemptions, sec. 279, asserts the same rule. But in the late case of New Madrid Banking Co. v. Brown, 165 Mo. 32, it is held, that, the removal from the homestead to another home purchased did not constitute an abandonment of the former as the intention was to return to it. The opinion, after stating the facts of the removal of the owner of the homestead to another purchased by him, proceeds to state the showing made by the defendants, viz.: "To overcome this showing, the defendants introduced evidence tending to show that Morgan did move his family from Pemiscot county to New Madrid, did purchase a house and live there until his wife's death, but this was done without any intention of abandoning his homestead in Pemiscot county, and with the intention all the time of returning thereto, and that he moved to New Madrid only temporarily because his wife was sick and could not discharge the duties of a farmer's wife, and because New Madrid afforded school facilities for his children eight or nine months in the year, while in Pemiscot county they were only open

five months and they further showed that while living in New Madrid he kept some of his personal property on the place in Pemiscot county, worked the farm, visited it nearly once a week and stayed there with his family at least a part of the time during the vacation of the schools." The finding of the trial court was that the homestead had not been abandoned, which the court, under the facts affirmed.

It is now apparently the well-settled law of this State that in determining, in any given case, whether the owner intends to abandon his homestead or not, is largely a question of intention. "It is of the essence of an abandonment which will deprive a person of his homestead right, that it should be made with the intention of giving up the place as a home." [Holmes v. Nichols, 93 Mo. App. 513; Bealey v. Blake, 153 Mo. 657; Duffey v. Willis, 99 Mo. 132.] "The intent of the homesteader cuts a large figure in solving the question." [Mills v. Mills, 141 Mo. 132.]

We think the evidence tended to show that the defendant did not intend to abandon his homestead; therefore, we defer to the finding of the trial judge and affirm the judgment. All concur.