## BARBER, Appellant, v. OZARK IMPROVEMENT COMPANY, Respondent.

St. Louis Court of Appeals, May 26, 1908.

CONTRACTS: Pleading: Variance. In an action for violation of a contract, where the petition alleged that the contract was one whereby the defendant agreed to ship and deliver to the plaintiff eight hundred cords of wood, to be delivered during the winter season of 1905 and 1906, and the proof showed that the contract was for the delivery of the wood during the months of July, August and September, 1905, the evidence proved a different contract from the one declared upon and the plaintiff could not recover.

Appeal from Howell Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*Green & Green* and *W. P. Campbell* for appellant.

*Livingston & Livingston* for respondent.

(1)    There was no contract on which to base an action; no meeting of minds, no mutuality.    To constitute a contract there must be a proposition by one party, accepted by the other, without any modification whatever.    The mere proposal of a bargain by one person to another imposes no obligation upon the former until it is accepted by the latter according to the terms in which the offer was made.    Any qualification of or departure from those terms invalidates the offer, unless the same be agreed to by the person who made it.    1 Beach on Contracts, sec. 51; Egger v. Nesbit, 122 Mo. 667; Falls Mfg. Co. v. Broderick, 12 Mo. App. 379; Bruner v. Wheaton, 46 Mo. 363; James v. Fruit Jar Co., 69 Mo. App. 207.    (2)    If a contract did exist plaintiff departed from its terms and committed a breach by refusing to pay upon delivery as agreed and defendant had the right to refuse further shipments.    Meyer v. Christopher, 176 Mo. 580; 3 Am. and Eng. Ann. Cases, 898.    This case covers all points in the case with exhaustive annotation.

BLAND, P. J.—The petition alleges, in substance, that defendant, a corporation, agreed to sell and deliver to plaintiff eight hundred cords of wood at $3 per cord, f. o. b. Springfield, Mo., during the winter season of 1905-1906, delivery to begin August 23, 1905, and to continue thereafter at demand of plaintiff, plaintiff to pay for said wood upon delivery; that on August 28,

1905, defendant delivered sixteen cords of wood under the contract but thereafter failed and refused to deliver the balance of said wood on plaintiff's demand; that by reason of the breach of the contract, plaintiff was damaged in the sum of $1,600. The answer was a general denial. The issues were submitted to the court without the intervention of a jury. At the close of plaintiff's case the court found the issues for defendant.

To prove the contract plaintiff offered a rather extended letter correspondence between himself and defendant. We copy the correspondence relied on to make out the contract. On April 22, 1905, defendant wrote plaintiff as follows:

"We are on the market with several cords of seasoned wood, four feet long, made of oak. We can deliver at Springfield, f. o. b. cars, at $3 per cord."

Plaintiff replied to the above letter, on the same date, as follows:

"Your letter received. I will take all of your 300 or 400 cords of good merchantable black oak and black jack cord wood at your quotation of $3 per cord f. o. b. Springfield.

"Delivery to be made during July, August and September, as required by me, and payments made as delivered. If this suits you write confirming. Please note that no post oak is wanted."

Defendant replied to this letter, on April 26th, as follows:

"In answer to your favor of the 22nd inst., will say that we have 1600 cords of wood chopped now, which will all be seasoned enough by next July for immediate use. We have at present 400 cords which is dry for present use, and which we like to move at once.

"We be pleased to book your order for 300 to 400 cords of wood to be delivered in July, August and Sep-

tember next for $3 per cord f. o. b. Springfield, and will reserve same for you if desired."

Plaintiff did not answer this letter, but on August 21, 1905, wrote defendant the following letter:

"Kindly send me one carload of the wood I engaged from you last spring. Also I would like to increase my order from 400 to 800 cords to be shipped as needed from now until all or more is used."

On August 23, 1905, defendant replied to the above as follows:

"Your favor of 21st inst. to hand and contents noted. We will ship you one car of dry wood as soon as car is placed, and accept to furnish you 500 to 800 cords of wood as requested at $1.75 f. o. b. Brandsville, or $3 per cord f. o. b. Springfield, Mo., at your demand. The wood will be dry and as near as possible the same as the car we will ship.

"Thanking you for your order," etc.

On August 28, 1905, defendant shipped plaintiff one carload of wood and forwarded bill of lading. The railroad company claimed the car contained sixteen cords. Plaintiff testified he measured the wood in the car and afterwards as he delivered it by wagon, and there were "scant sixteen cords." Defendant claimed there were nineteen cords in the car. After selling the wood plaintiff paid for sixteen cords. The parties, having disagreed about the number of cords in the car, failed to come to any agreement for the measurement of future deliveries and defendant, on inquiry, having learned that plaintiff's financial standing was not good, refused to honor orders from plaintiff for wood, which orders plaintiff continued to make on and into October, 1906. Construing this correspondence as a whole, we think it shows defendant agreed to deliver the plaintiff five hundred to eight hundred cords of wood for $1.75 per cord f. o. b. Brandsville or $3 per cord f. o. b. Springfield, as plaintiff might order, and

that all of this wood should be ordered and delivered in the months of July, August and September, 1905, payments for each shipment to be made on delivery. Plaintiff's evidence shows he did not pay for the carload of wood received on delivery nor until he had sold and delivered the same to his customers; and plaintiff testified he understood he had made a contract for eight hundred cords of wood, which defendant was to ship to him and he was to pay for it as fast as he could get the money (out of the wood).     The correspondence between the parties and the evidence shows that the time in which the wood was to be delivered was an important feature of the contract to defendant, that it was of the essence of the contract.     Plaintiff construed the contract to mean that deliveries were to be made on his orders, and as he might need the wood, at any time during the winterseason of 1905-6, and brought this action.     His evidence failed to prove the contract declared upon, in fact, proved another and different contract.     It is well-settled law that a party cannot sue upon one contract and recover upon another.     [Laclede Construction Co. v. Tudor Iron Works, 169 Mo. 137, 69 S. W. 384.]

The judgment is affirmed.     All concur.