W. T. SNODGRASS, Appellant, v. H. COPPLE et al., Respondents.

Kansas City Court of Appeals, June 8, 1908.

1.  HOMESTEAD: Abandonment: Removal: Intention.   The removal of a family from a homestead is prima-facie evidence of abandonment but not conclusive and may be overcome by showing the removal was temporary, accompanied by the intention to return after the accomplishment of a specific purpose which prompted it; and the intention to return is the controlling element in the determination of the whole question.

2.  ———: ———: Sale: Reinvestment: Renting: Voting.  A sale for the purpose of reinvesting the proceeds in another homestead does not constitute an abandonment, and neither renting during a temporary absence nor voting in the place of the removal should be considered as conclusive, but merely as evidence in determining the intention to abandon the homestead.

3.  ———: ———: Law: Fact: Evidence.   The issue of abandonment is a mixed question of law and fact to be determined in the light of all the facts and circumstances of the particular case, and, *held*, the evidence sustains the finding of the trial court.

Appeal from Livingston Circuit Court.—*Hon. Joshua W. Alexander*, Judge.

AFFIRMED.

*D. E. Adams* for appellant.

(1) Removal of the family from the homestead constitutes a prima-facie case of abandonment, and raises a presumption against claim of homestead, and the burden of proof is upon one making such claim to rebut the presumption. Kaes v. Gross, 92 Mo. 655; Smith v. Bunn, 75 Mo. 559; Waples on Homestead, pp. 564-5; Thompson on Homesteads, secs. 259-265. (2) The right of homestead exemption ceases to exist when the occupant leaves the premises with a view of acquiring a residence elsewhere, and with no intention to return. The intention to return must be formed at the time of the removal from the premises, and must continue during his absence in order to preserve and continue the homestead exemption. Duffy v. Willis, 99 Mo. 132; Smith v. Bunn, 75 Mo. 559. (3) The intent of the homesteader cuts a large figure in solving the question of abandonment; but the question is one of fact (Mills v. Mills, 141 Mo. 195), and the question of what that intention was is to be determined, and not from the homesteader's testimony alone, but from all the facts and circumstances. Banking Co. v. Brown, 165 Mo. 37; Hall v. Schoenecke, 128 Mo. 661; Smith v. Thompson, 169 Mo. 553. (4) Copple testified that he voted in Kansas City at the election held in November, 1902, and at all elections whether city, county or general, except school and bond elections, from the time he went to Kansas City in 1901 up to the time of giving his testimony, and had his personal property assessed twice in Kansas City, and had not been assessed on personal property in Livingston county since he left there. Those unequivocal acts of his ought to contradict his intention as he declares it. Ross v. Hellyer, 26 Fed. 413; Chariton Co. v. Moberly, 59 Mo. 242; Zollinger v. Dunnaway, 105 Mo. App. 36; Waples on Homestead, p. 568. (5) The idea of occupancy can never become disassociated from the homestead. Rouse v.

Caton, 168 Mo. 288; Tennent v. Pruitt, 94 Mo. 145; Brewing Assn. v. Howard, 150 Mo. 445; Zollinger v. Dunnaway, 105 Mo. 36.

*A. T. Weathery* and *J. M. Davis & Sons* for respondents.

(1)   The only issue in this case was whether or not defendant Copple had abandoned his homestead, an issue of fact, no declarations of law were asked or given, no complaint is made of the action of the court in admitting or excluding evidence.   The issue of fact being determined by the trial court on evidence which supports the finding of this court will not disturb the judgment; Rutledge v. Quinlan, — Mo. App. —, 105 S. W. 653; Duffey v. Willis, 99 Mo. 132; Banking Co. v. Brown, 165 Mo. 32; Victor v. Grimmer, 118 Mo. App. 595; Lawson v. Hammond, 119 Mo. App. 490; Drug Co. v. Bybee, 179 Mo. 370.   (2)   The fact that defendant was absent from the premises from November, 1901, to June, 1903, leaving part of his household goods in the house, renting the same from month to month when he went for temporary purposes, i. e., because of reverses in business, and in order to make a living for the support of his family, and with a fixed purpose of returning, did not constitute an abandonment of his homestead.   Authorities under point, 1, supra; Bealey v. Blake, 153 Mo. 657; Mills v. Mills, 141 Mo. 195; Spratt v. Early, 169 Mo. 357; Bloomer v. Albright (Neb.), 89 N. W. 809; Potts v. Davenport, 79 Ill. 458; Walters v. The People, 18 Ill. 194; Robinson v. Charleton, 104 Iowa 298, 73 N. W. 616; Barkehart v. Walker (Mich.), 92 N. W. 778; Bame v. Williams (Tex.), 41 S. W. 840; Tomlinson v. Swiney, 22 Ark. 405; Smith v. People, 44 Ill. 16.   (2)   It is of the essence of an abandonment that it be made with the intention of giving up the place as a homestead.   Holmes v. Nichols, 93 Mo. App. 515; King v. King, 155 Mo. 406; Gates v. Steele, 48 Ark. 539,

4 S. W. 53; Dallemand v. Mannon, 11 Col. App. 262, 35 Pac. 679; Stewart v. Brand, 23 Ia. 477; Hixton v. George, 18 Kan. 253; Dulanty v. Pynchon, 88 Mass. (6 Allen) 510; Earll v. Earll, 60 Mich. 30, 26 N. W. 822; Locke v. Powell, 47 N. H. 46; Wetz v. Beard, 12 Ohio St. 431; Hancock v. Morgan, 17 Tex. 582; Lumber Co. v. Clay (Tex.), 10 S. W. 293; Hines v. Nelson (Tex. Civ. App.), 24 S. W. 541; Imhoff v. Limke, 162 Ill. 283, 44 N. E. 493. (3) The fact that defendant voted in Kansas City is not conclusive evidence of an abandonment of his homestead, but is merely one fact to be weighed by the lower court in connection with all the facts and circumstances in evidence in determining the issue submitted. Campbell v. Patter (Ct. App. Ky.), 29 S. W. 139; Tobacco Co. v. Thompson (Ct. App. Ky.), 49 S. W. 446; Myers v. Elliott, 101 Ill. App. 86; Imhoff v. Lipe, 162 Ill. 283, 44 N. E. 493; Corey v. Schuster (Neb.), 62 N. W. 470; Robinson v. Charleton, 104 Iowa 298; Lumber Co. v. Atkins, 116 Iowa 242, 89 N. W. 1104; Stoneware Co. v. McCrossan, 85 N. W. 1020; Zottlemoyer v. Mears (Tex. Civ. App.), 80 S. W. 1047. (4) Here the debt was contracted while Copple was actually occupying the premises as a homestead, under such circumstances clearer and more satisfactory evidence of an abandonment is required than where the credit is extended on the faith that the property was subject to the payment of the debt. Davis v. Kelley, 14 Iowa 523; Robinson v. Charleton, 104 Iowa 298. (5) Appellant having failed to plead that the homestead was abandoned cannot be heard to assert that it was abandoned. Bealey v. Blake, 153 Mo. 675. (6) Defendant Copple had a right to sell the property for the purpose of investing the proceeds thereof in another homestead, and was entitled to a reasonable time in which to accomplish that purpose. Good v. Lewis, 118 Mo. 357; State ex rel. v. Hull, 99 Mo. App. 703; Robinson v. Charleton, supra. The same being a homestead the

lien of plaintiff's judgment did not attach thereto and the purchaser took the same free from the lien of said judgment.    Burton v. Look, 162 Mo. 613; Macke v. Byrd, 131 Mo. 682 and cases cited.

JOHNSON, J.—This is a proceeding to quash the levy of an execution.    The question in issue is whether defendant Copple, against whom plaintiff recovered a judgment of $371 on May 12, 1903, abandoned his homestead right in a certain residence property in the town of Dawn, Livingston county, before execution was issued and levied thereon.    The trial court heard the evidence, held there had been no abandonment, and rendered judgment accordingly.    An appeal was granted to the Supreme Court but that tribunal transferred the cause to this court on the ground that we alone had jurisdiction over it.    [Snodgrass v. Copple, 203 Mo. 480.]

Copple is the head of a family consisting of himself, his wife and three minor children.    In 1887, he purchased the property in controversy and occupied it as a residence.    He was engaged in banking business and, for a time, was judge of the county court of Livingston county.    But misfortune overtook him, stripped him of everything but his homestead and household belongings and forced him to rely on day labor for means to support his family.    Finding that his home town afforded but a meagre and precarious opportunity to make a living, he first went to Chillicothe and thence to Kansas City in the hope of bettering his condition.    He arrived in Kansas City about November 1, 1901, and found work for which he was paid $7 per week.    Four weeks later, he rented a house and moved his family from Dawn.    He procured a tenant from month to month for his residence property and left some of his household goods on the premises.    He voted in Kansas City at the spring election of 1903.    An attempt was made by plaintiff to show that his personal property

was assessed for taxation in Kansas City, but it was
not shown that such assessment was made prior to June
5, 1903, the date on which he sold and conveyed his res-
idence in Dawn to defendant Williams. The considera-
tion of that sale was $900, the fair value of the property.
After paying off the encumbrances, he had $573 left of
the proceeds which he invested immediately in a home-
stead in Kansas City.

We shall not burden this statement with a recital
of all the facts adduced by defendants, deeming it suffi-
cient to say that from the testimony of Copple, from dec-
larations he made to others from time to time and from
all the facts and circumstances disclosed, it appears
quite clearly that he considered his residence in Kansas
City as temporary, that he had not secured suitable or
satisfactory employment in that city, and that from the
time he left his homestead until he sold it, he regarded
it as his home to which he intended to return.

The removal of the family from the homestead is
prima-facie evidence of abandonment, but it is not con-
clusive, and may be overcome by evidence showing that
the removal was temporary and accompanied by an in-
tention to return after the accomplishment of the spe-
cific purpose which prompted it. A mere vague and
indefinite intention to return at some time and under
certain possible contingencies will not suffice to prevent
the removal from constituting an abandonment. But,
on the other hand, where the family for some special
reason—such as pecuniary stress—is compelled to leave
the homestead until the special reason shall exist no
longer, and intends all the time to return, the fact that
the length of such enforced absence cannot accurately
be forecasted should not alter the effect to be given
the *"animus revertendi."* "The intention to return is
usually the controlling element in the determination of
the whole question." [Waples on Homestead & Exemp-
tions, p. 564.] And where it appears to have been well

fixed and continuous, absence, though somewhat prolonged, will not destroy the right of homestead. [Duffey v. Willis, 99 Mo. 132; Smith v. Bunn, 75 Mo. 559; Kaes v. Gross, 92 Mo. 648; Victor v. Grimmer, 118 Mo. App. 592.]

The sale of the homestead for the purpose of reinvesting the proceeds in another homestead did not constitute an abandonment.   "The homestead law allows the sale of the homestead and the investing of proceeds in another and permits the carrying of the exemption of the first into the second."   [Banking Co. v. Brown, 165 Mo. 32.]   The law allows the owner of the homestead to let it to a tenant during the period of his temporary absence.   [King v. King, 155 Mo. 406.]   Such facts have a strong evidentiary bearing on the question of abandonment, but they are merely   evidence   and, therefore, should not be considered as conclusive, nor is the fact that defendant Copple voted in Kansas City conclusive of an intention to abandon his homestead. We adopt what was said on this subject by the Court of Appeals of Kentucky in Campbell v. Potter, 29 S. W. 139:   "This act of appellee is not conclusive of the question but is simply a fact in connection with the other facts proven to aid the court to determine whether or not the removal of the appellee from the premises was permanent or temporary.   The court holds that the acts of registration and voting are not sufficient to overcome the weight of the testimony which conduces to prove that the removal was temporary.   This court has held that the homestead right is never forfeited where there has been an occupancy and then a temporary removal with an intention to return and make the premises a home."   [Warehouse v. Thompson, 49 S. W. 446; Imhoff v. Lipe, 44 N. E. 493; Corey v. Schuster, 62 N. W. 470; Robinson v. Charleton, 104 Ia. 298; Stoneware Co. v. McCrossan, 85 N. W. 1019; Settlemoyer v. Mears, 80 S. W. 1047.]

The issue of abandonment is a mixed question of law and fact to be determined in the light of all the facts and circumstances of the particular case. Though it is true occupancy of the premises is indispensable to the maintenance of the right of homestead, the law does not contemplate that homestead should be another name for prison, but rather looks upon it as a place of refuge to shelter the family in times of misfortune. The conclusion reached by the learned trial judge on the issues of fact presented is in harmony with the beneficent aim of the law, and since we find it amply supported by evidence, we perceive no reason for setting it aside.

The judgment is affirmed. All concur.