**Herbert RIGGS, Plaintiff-Appellant,**

v.

**DEPARTMENT OF PUBLIC HEALTH AND WELFARE, Defendant-Respondent.**

**No. KCD 25875.**

Missouri Court of Appeals,
Kansas City District.

July 25, 1972.

The Legal Aid & Defender Society of Greater Kansas City, Paul T. Miller, Exec. Director, Kansas City, Donald O. Tripp, Managing Atty., Clay County, Civil Division, Liberty, of counsel, for plaintiff-appellant.

Elmore G. Crowe, Edward D. Summers, Jefferson City, for defendant-respondent.

WASSERSTROM, Judge.

This case arose from an order by the Director of the Missouri State Department of Public Health and Welfare (hereinafter referred to as the "Director") terminating Old Age Assistance to the respondent (hereinafter referred to as the "claimant"). From that adverse determination by the Director, the claimant appealed to the circuit court, which affirmed the Director's order. Claimant has filed further appeal to this Court.

The basis for the Director's termination of benefits was that claimant's wife, with whom he lives, owns real estate having a value in excess of $2,000.00, and that this asset constitutes a disqualifying "resource" under the Department's Rule 13. The facts in this connection are that the claimant's wife was previously married, and during the period of that former marriage she and her ex-husband acquired the home in question as an estate by the entirety. The ex-husband left Kansas City, and claimant's wife had not been in touch with him, up to the time of the hearing, for three or four years. The wife removed to Excelsior Springs where she rented a home at $75.00 a month and where she and the claimant now live. In the absence of the ex-husband, the wife has taken charge of the real estate located in Kansas City,

which she now rents out for $65.00 per month, all of which she collects.

## I

Rule 13, under which the claimant's benefits were terminated, provides that if a claimant or his spouse owns real estate with a current market value of more than $2,000.00, which is not used for furnishing shelter to the claimant, then (with exceptions not here pertinent) such real estate shall be considered a "resource" which disqualifies the claimant from receiving Old Age Assistance. The claimant admits that the facts of this case come squarely within the provisions of that Rule 13, and his brief in this court admits with commendable frankness that "if rule 13 is valid the Director's decision is correct and should be affirmed". However, the claimant claims Rule 13 to be invalid on the grounds: (1) that the rule exceeds the Director's statutory authority, and (2) that Rule 13 has been applied in this case in an arbitrary and unreasonable manner.

■ Claimant's argument that Rule 13 is unauthorized is without merit. § 207.-020, subd. 1(5) V.A.M.S. grants to the Division of Welfare the power "to adopt * * * rules and regulations necessary or desirable to carry out the provisions of this act * * *". Additionally, the Division of Welfare is directed by § 208.190 to comply with Federal rules and regulations governing Social Security benefits to the extent that the Federal law is not inconsistent with the Constitution and laws of Missouri. These provisions of the Missouri Statute reflect the fact that welfare programs as now administered in this country are a cooperative enterprise between the Federal and State governments, with the State and Federal laws constituting one integrated whole. Pearson v. State Social Welfare Board, en banc, 54 Cal.2d 184, 5 Cal.Rptr. 553, 353 P.2d 33.

The Federal Social Security Act (42 U. S.C.A. § 301 et seq.) authorizes Federal appropriations to states having "approved state plans". One of the requirements for an approvable state plan as set forth in 42 U.S.C.A. § 302(a) (10) is that "the State agency shall, in determining need for such assistance, take into consideration any other income and resources of an individual claiming old-age assistance."

This requirement of the Federal statute is amplified by regulation of the Department of Health, Education and Welfare, Title 45, § 233.30, which requires that a state plan for old age assistance must specify the amount and type of real and personal property which may be retained by a claimant while receiving assistance. This regulation further provides: "In addition to the home, personal effects, automobile and income producing property allowed by the agency, the amount of real and personal property, including liquid assets, that can be reserved for each individual recipient shall not be in excess of two thousand dollars."

It is plain that Rule 13 now under consideration is amply authorized by the laws of Missouri, especially when taken in combination with the Federal regulations. As a matter of fact, the State authorities must specify maximum property holdings which may be retained by a welfare recipient, if the State is to receive Federal appropriations. A graphic narration of an initial balk by the State of California in this regard but its eventual capitulation appears in Pearson v. State Social Welfare Board, supra.

In actuality, the claimant does not really challenge the Director's right to adopt rules covering this subject, for he says in his brief: "Appellant makes no contention that the Division of Welfare does not have the authority to establish *reasonable* standards in aiding it to determine if an applicant is eligible for aid." Thus, applicant's fundamental complaint is that the standard which has been adopted is unreasonable. This is the substance of claimant's remaining point, to which we now turn.

## II

The claimant's second argument is that Rule 13 is applied under the facts here is unreasonable. He summarizes his attack on the reasonablenss of this rule by saying that it requires, with respect to the Kansas City property, that claimant and his wife "either live there or sell it."

That description of Rule 13 is somewhat inaccurate in that it ignores a third choice available to claimant, namely that he forego his claim to further welfare payments. In any event, the attack is unpersuasive. The state rules, in compliance with the federal mandate, require that all assets in excess of a stipulated amount be used for a claimant's care and maintenance before he is eligible for public assistance, and this generally will mean that such excess assets must be liquidated. An exception is provided from this general rule in the case of real estate occupied as a home, but such an exception and more liberal treatment is not unreasonable. This exception obviously reflects a desire to encourage home ownership, which has always been considered an important factor in our social structure working toward greater public stability and the general welfare. This same distinction is made and preference to home ownership is given by the Federal regulations, as well as by Rule 13. The grant of preference to real estate actually used by a home is nothing new, as evidenced by the long recognized exemption of homestead from execution. § 513.475 V.A.M.S.

When a welfare recipient, such as the claimant here, owns residential property, but does not live there, such property does not constitute his home, and there is no reason to give it the preference accorded to homestead property. When as here, the welfare recipient rents out the residential property which he owns, that property is no different in effect than apartments, store rooms or office space which that recipient might own and rent out. Indeed, such residential property so rented out is no different for present purposes than any other investment such as a stock or a bond. We see nothing unreasonable in providing by a rule that a claimant shall not be entitled to retain such investment property having value in excess of $2,000.00, and at the same time receive welfare payments.

Claimant argues strongly that his particular situation is unusual and that the present use being made by his wife of her property is the most reasonable possible in order to meet their needs. In making this argument, claimant refers to the fact that his wife's ex-husband is not now receiving any part of the $65.00 rental which the wife is collecting on the Kansas City property, but that if she undertakes to sell she will need the signature of the ex-husband and he would then demand one-half of the proceeds. This suggestion does not bear scrutiny.

Assuming without deciding that Rule 13 would be unreasonable in operation if it required the wife to forfeit legal rights which she now has vis-a-vis her ex-husband, the record does not show that such a result would occur here. It appears from the record in this case that the ex-husband is a one-half owner in common of the Kansas City property and he could at any time appear and demand one-half of all rents. Still further, he could at any time appear and demand a partition of the property and one-half of the partition sale proceeds. The wife has shown no legal rights in the Kansas City property which she now has which would be lost or changed were that property to be sold rather than continued to be rented.

Claimant also argues that Rule 13 is overly rigid and that the rule in Missouri could and should be made more liberal, as it is, for example, in California, where a welfare recipient is given an opportunity to present a plan for some utilization of real estate not used as a home, as an alternative to the outright sale thereof. There are, of course, many ways in which problems such as this may be approached by an

administrative body and varying answers are possible. Such matters, however, are properly committed to administrative discretion and are not subjects for choice by the courts. Even though this Court might prefer the California approach, we cannot say that the Missouri rule is not a permissible one or that it is inherently unreasonable. Although the lack of flexibility in Rule 13 may conceivably cause an unfair result under some hypothetical circumstances, this is not such a case. Whether this rule operates unreasonably under other facts will have to be considered in each case individually as it arises. See and compare Fraher v. Department of Public Health and Welfare, Mo.App., 484 S.W.2d 663, being decided concurrently herewith.

The judgment of the court below is affirmed.

All concur.