Mr. Lawrence L. Graham, Director Department of Social Services Broadway State Office Building Jefferson City, Missouri 65101
Dear Mr. Graham:
This opinion letter is in response to your inquiry whether the Division of Family Services of the Department of Social Services can implement by administrative regulations all of the new eligibility requirements for full state participation in the federal aid-to-families-with-dependent-children program or whether legislative authorization is needed to implement some or all of these requirements.
Public Law 93-647, as amended by Public Law 94-88, contains new eligibility requirements which must be satisfied by states desiring to receive federal aid-to-families-with-dependent-children funds. Most significantly, new Title IV-D of the Social Security Act mandates that each state establish an effective child support enforcement program as a prerequisite to receiving full federal funding of the state's aid-to-families-with-dependent-children program.
The Secretary of the Department of Health, Education, and Welfare granted Missouri a waiver of compliance with the new eligibility requirements in order to permit the General Assembly at the last session to pass the necessary enabling legislation. This waiver expires June 30, 1976. During the last session of the Missouri General Assembly, the bills embodying the statutory amendments which would authorize Missouri to implement the new eligibility requirements failed to pass. Therefore, we have been advised by federal officials and your staff that the financial penalties provided for in Public Law 93-647 almost certainly will be imposed upon the State of Missouri for being out of compliance with the new eligibility requirements.
Based on our review of the provisions of Public Law 93-647, as amended by Public Law 94-88, and based on our discussions with representatives of the Department of Health, Education, and Welfare and on our discussions with members of your department, we are convinced that all requirements of Public Law 93-647 must be complied with by the State of Missouri to avoid the risk of incurring the substantial financial penalties which are authorized by the Act to be imposed against any state which is out of compliance.
It is our belief that all of the requirements of Public Law93-647, as amended by Public Law 94-88, cannot be implemented by the Department of Social Services or the Division of Family Services through administrative regulations without the passage of additional legislation by the General Assembly. For instance, we do not believe that, under Sections 208.190 and 207.020(5), RSMo 1969, and under Riggs v. Department of Public Health and Welfare,483 S.W.2d 769 (Mo.Ct.App. at K.C. 1972), the Division of Family Services could by regulation provide for the appropriations necessary to finance implementation of the eligibility requirements of Public Law 93-647, as amended. Also, the Division could not by regulation provide for the locator services required by the federal law since such locator services cannot be furnished under state law, Section 208.045, RSMo, unless the children are receiving public assistance.
Therefore, we conclude that without legislation the State of Missouri cannot implement all of the eligibility requirements of Public Law 93-647, as amended by Public Law 94-88.
Yours very truly,
 JOHN C. DANFORTH Attorney General