**In the Matter of Vickie Lee BURGER, Debtor.**

**Vickie Lee BURGER, Petitioner**

**v.**

**John R. STONITSCH, trustee in bankruptcy, Respondent.**

**Bankruptcy No. 83–01457–3.**

United States Bankruptcy Court, W.D. Missouri, W.D.

Oct. 19, 1983.

Taylor & Murphy, David A. Taylor, Kansas City, Mo., for petitioner.

John R. Stonitsch, Kansas City, Mo., for respondent.

ORDER ALLOWING THE PETITIONER'S CLAIM OF EXEMPTION IN $2070 LUMP–SUM MAINTENANCE AND DIRECTING RESPONDENT TO PAY THAT SUM OVER TO PETITIONER

DENNIS J. STEWART, Bankruptcy Judge.

The petitioner requests an order of the bankruptcy court directing the respondent to allow her claimed exemption in some $2070 of lump-sum maintenance and accordingly pay that money over to her. The trustee resists such an order, contending that the award of lump-sum maintenance is not described as an allowable exemption by the Missouri statutes. A hearing was conducted on the controversy on October 12, 1983, whereupon the parties appeared personally and the petitioner also appeared by counsel and the matter was then taken under advisement by the court.

The facts then demonstrated were that the $2070 held by the trustee constitutes a lump-sum award of maintenance made to the debtor by a state dissolution decree; that the initial award thus made was of the sum of $4,000, $1930 of which the trustee has reckoned as exemptable under provisions not disclosed to the court and accordingly has set off to the debtor; and that he currently holds the remainder of $2070 as nonexempt property of the bankruptcy estate.

 The debtor is entitled to claim the applicable Missouri exemption because she filed her petition for relief under title 11 of the United States Code after the effective date of the Missouri statute opting out of the federal exemptions, August 13, 1982. The applicable Missouri statute under which the debtor makes her claim of exemption for the $4,000 lump-sum maintenance is section 513.400(10)(d) RSMo which exempts "(a)limony, support or separate maintenance, not to exceed five hundred dollars a month." The trustee contends that the statute should not be interpreted to include awards of lump-sum maintenance even where, as in the case at bar, the award is modest and unaccompanied by any award of periodic maintenance. But the paramount canon of construction which is applicable to exemption statutes is that generally they are to be liberally construed in the debtor's favor. "(E)xemption laws were manifestly enacted for the relief of a debtor, ... and should be liberally construed." *Murray v. Zuke,* 408 F.2d 483, 487 (8th Cir.1969). Further, statutes must be interpreted and construed so as to give effect to their fundamental purpose. "The construction of the statute should be made with reference to the purpose of the statute, or in the light thereof, and in harmony and conformity therewith, in order to aid, advance, promote, subserve, support and effectuate such aim, design, motive, end, aspirations or object." 73 Am.Jur.2d *Statutes* sec. 155, pp. 359, 360 (2d ed. 1974). It seems obvious that the purpose of the Missouri exemption statute is to exempt reasonably necessary maintenance, deemed to be $500 per month, for an indefinite period of time so long as the duty to pay maintenance is not terminated by remarriage or the like. In this case, the evidence shows the debtor to have been entitled to maintenance for a period of time following the dissolution of the marriage which exceeds that which would entitle her, at the rate of $500 per month, to the total of monies which the trustee is now withholding from her. Accordingly, it is hereby

ORDERED that the trustee turn over the $2070 being held by him to the debtor as her exempt property under the provisions of section 513.430, *supra,* together with any interest actually earned thereon.