**In re Wessie Loyd FARRIS and Millie Rose Farris, Debtors.**

**Wessie Loyd FARRIS and Millie Rose Farris, Plaintiffs,**

v.

**FARMINGTON PRODUCTION CREDIT ASSOCIATION, Defendant.**

**Bankruptcy No. 83–00338(SE).**

United States Bankruptcy Court, E.D. Missouri, Southeastern Division.

March 23, 1984.

William H. Frye, Cape Girardeau, Mo., for debtors-plaintiffs.

Geoffrey L. Pratte, Farmington, Mo., for defendant.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

Plaintiffs-Debtors (Debtors) seek to avoid Defendant's judgment lien on a log cabin and ten acres of real property in Reynolds County, Missouri now owned and occupied by Debtors. The judgment was entered on August 17, 1981, by the Circuit Court of Reynolds County, Missouri, and is in the original amount of $26,349.30.

Debtors claimed this real estate as exempt on their Schedule B–4. Since no objection to this claim of exemption was filed within the thirty day period after the date of the first meeting of creditors, the Court must accept as given the fact that the property in question was exempt under section 513.475, R.S.Mo. at the time of the filing of the petition, *see* Bankruptcy Rule 4003(b).

Defendant, however, contends that Debtors, from October, 1981, until March, 1983, had abandoned this property as their homestead. Since Defendant's judgment was in existence prior to this time, Defendant maintains that its judgment lien is superior to Debtors' exemption and cannot be avoided under 11 U.S.C. § 522(f)(1).

Whether or not Defendant has correctly stated the law under 11 U.S.C. § 522(f)(1), the Court must determine if Debtors had abandoned the property in question so as to lose their right to exempt this property under Missouri law.

Some of the facts relevant to this issue are these:

1. Debtors purchased the underlying real estate in question in 1979. On the property was a partially constructed log cabin.

2. Debtors commenced living on the property in 1979 and finished the log cabin.

3. In February, 1981, Debtor, Wessie Farris, went to the state of Oklahoma. Mr. Farris testified that he had been involved in the logging industry in Missouri and, after an economic downturn in that industry, sought employment in Oklahoma.

4. Shortly thereafter, Debtor, Millie Farris, joined her husband in Oklahoma. They stayed until June or July of 1981 when they returned to Missouri to the property in question.

5. In September, 1981, Debtor, Wessie Farris, returned to Oklahoma and in October, 1981, Debtor, Millie Farris, joined him.

6. The Debtors stayed in Oklahoma from October, 1981, until March, 1983. During this period each of them held a number of jobs and they both lived in three different places. They apparently did not purchase any real property in Oklahoma. They rented out the property in question in Missouri.

7. While in Oklahoma, the Debtors closed out their Missouri bank accounts and established new ones in Oklahoma. They obtained Oklahoma driver's licenses and Oklahoma automobile registration. Mrs. Farris joined a businesswomen's club in Oklahoma. Finally, the Debtors filed an Oklahoma State income tax return. They also filed a Missouri State income tax return showing themselves as full-time Oklahoma residents. Debtors, however, never registered to vote in Oklahoma.

8. In March, 1983, Mr. Farris became dissatisfied with his then present employment, resigned, and both Debtors returned to Missouri and have resided on the property in question until and including the present time.

9. Several times during the hearing, Mr. Farris testified that he had always intended to return to the property in question. He stated that he had been born in Ellington, Missouri, and considered the area to be his home.

## CONCLUSIONS

After reviewing the evidence and Missouri case law, the Court concludes that Debtors did not abandon the property as their homestead.

True, the Debtors removed themselves to Oklahoma from October, 1981, to March, 1983. However, under Missouri case law, physical removal of the Debtors from the premises is only *prima facie* evidence of abandonment and is not conclusive, *see Snodgrass v. Copple*, 131 Mo.App. 346, 111 S.W. 845 (1908).

The facts of this case are very similar to those in the old Missouri cases of *Duffey v. Willis*, 99 Mo. 132, 12 S.W. 520 (1889) and *Snodgrass v. Copple, supra.* The Missouri appellate courts in these cases found the evidence to support trial court findings of no abandonment.

Here, the Debtors undoubtedly intended to retain the property in question as their home base until and unless they became economically established in Oklahoma. Debtors did not leave the property in question because they no longer liked living there. They left in order to find more favorable economic conditions in Oklahoma. There is no evidence to suggest that Debtors intended to make Oklahoma their permanent home before they returned. The evidence pointed to by Defendant as showing an intent to abandon actually only shows that Debtors chose to comply with the requirements of Oklahoma laws regarding motor vehicle operation and registration and income taxation. Debtors' intent is irrelevant to whether they must pay Oklahoma State income tax or Missouri State income tax. The moving of Debtors' bank accounts to Oklahoma was more for convenience than was it a declaration of intent to permanently change their residence.

Accordingly, the property in question was at all relevant times exempt under Missouri law and, therefore, the Bankruptcy Code, and Defendant's judgment lien impairs that exemption.

The Court will enter a separate order avoiding Defendant's judgment lien.