**In re Reva Mae TURNER, Debtor.**

**Bankruptcy No. 83–02811–S.**

United States Bankruptcy Court, W.D. Missouri, S.D.

Nov. 5, 1984.

 

Theodore Strecker, Springfield, Mo., for debtor.

Frank Cottey, Springfield, Mo., for James Tiensvold.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

Debtor seeks to exempt a house trailer and approximately ten acres of affixed land under the Missouri homestead statute. The trustee approved the exemption at the Section 341 creditor's meeting and announced his intention to abandon the property. Pursuant to Bankruptcy Rule 4003 creditor objected to debtor's claimed exemption. Creditor asserts debtor does not live on the premises and is therefore not entitled to a homestead exemption in that property under Missouri law.

A hearing was held on March 7, 1984. Debtor appeared in person and by counsel. Creditor appeared by counsel. After hearing the evidence the Court took the matter under advisement.

The evidence shows that the trailer and land is located at Route 1, Box 125, Willard, Missouri. Debtor scheduled this address as her current residence at the time of filing for bankruptcy on October 25, 1983. Income tax returns in evidence show debtor considered the property her residence prior to filing. It is undisputed that in March of 1983 debtor moved from the property and rented it. Creditor contends that once debtor ceased to live on the property it was used solely for rental purposes and "only after she decided to take [sic] bankruptcy did she attempt to costume her rental property with the raiments of a "homestead".

Missouri has "opted-out" of the federal exemption scheme provided under Section 522(d) of the Code. *See* R.S.Mo. Section 513.427 (1982). Therefore debtor's homestead exemption must be determined as a matter of Missouri law. The homestead exemption, Section 513.475(1), R.S.Mo. 1982, was amended in 1982 to increase the amount. Language was substituted entitling "every person" instead of only the "head of family" to claim the exemption. The statute now reads that:

> "The homestead of every person, consisting of a dwelling house and appurtenances, and the land used in connection therewith, not exceeding the value of eight thousand dollars, which is or shall be used by such person as a homestead, shall, together with the rents, issues and products thereof, be exempt ... "

To date, no Missouri Court has interpreted the substantive changes of the amended statute. There is no indication, however, that the Missouri legislature intended to repeal existing law pertaining to abandonment of a homestead when the new statute was enacted. The creditor does not seem to contest the notion that the premises was a homestead property until debtor left.

■ Exemption laws are enacted for the relief of the debtor and should be liberally construed. *Matter of Burger*, 34 B.R. 467, 468 (Bkrtcy.W.D.Mo.1983); *Murray v. Zuke*, 408 F.2d 483, 487 (8th Cir.1969). Furthermore, the law does not favor the abandonment of a homestead. 40 Am. Jur.2d Homesteads Section 179 (1968). It is against this backdrop that creditor has the burden of proving debtor abandoned her homestead. Fed.Bank.R. 4003(c); *see also In re Tardiff*, 38 B.R. 974 (Bkrtcy.Me. 1984); *In re Wood*, 8 B.R. 882 (Bkrtcy.S.D. 1981).

Under Missouri law abandonment is a mixed question of law and fact in which debtor's intent is afforded great weight. *Snodgrass v. Copple*, 131 Mo. App. 346, 111 S.W. 845 (1908); *Victor v. Grimmer*, 118 Mo.App. 592, 95 S.W. 274 (1906). However, mere declaration by debtor that she did not intend to abandon her homestead is not enough. The Court must consider all the surrounding facts and circumstances of the particular case at bar. *Snodgrass*, supra; *see State v. Haney*, 277 S.W.2d 632 (Mo.1955). Not only did debtor testify that she always considered the property "home" and never intended to abandon it, debtor credibly explained that she was forced to rent the property in order to make payments on it. Debtor's unrefuted testimony was that she was unemployed for almost half of 1983 and did not secure employment again until December of that year. In her deposition, partly entered into evidence, debtor stated she stayed overnight at the property occasionally even while it was rented. At the time of the hearing the renters had moved out.

Creditor failed to produce any evidence that directly refutes debtor's version of her property situation. The lessor, Mr. Creed, testified that he and his sister rented the property from May to approximately the end of December in 1983. The witness explained that he was an over-the-road truck driver and was often out of town for a week at a time. Because of this the witness was unable to say if debtor ever stayed on the property while he was away. The witness did testify that debtor never stayed overnight while he was present on the premises. The witness also testified that debtor kept clothing, a washer and dryer, furniture and two automobiles at the premises. In response to an inquiry by the Court the witness stated that debtor did visit the premises approximately once a week when he was there. On these occasions debtor would check on her belongings and work around the trailer. Lessor's sister did not testify.

Creditor also introduced two of debtor's bank statements into evidence. The first is dated September 16, 1983 and lists 2037 Lyons, Springfield, Missouri as debtor's address. The second is dated October 18, 1983, and lists Route 1, Box 125, Willard, Missouri as debtor's address. An investigator for creditor also testified that debtor could not be reached at the Willard property in August of 1983 but was subsequently located at a third address, 705 W. High.

Creditor relies on *State v. Haney*, supra and *Riggs v. Dept. of Public Health & Welfare*, 483 S.W.2d 769 (Mo.Ct.App. 1972) in asserting that occupancy is required in order to claim the homestead exemption. At best, creditor's evidence shows that debtor did not continuously live on the Willard property until the end of December in 1983. Occupancy of the property is not a prerequisite to claiming the exemption. *Murray v. Zuke*, supra at 485. *Haney* was specifically addressed and distinguished by the *Murray* Court. *Murray*, supra at 487. *Haney* is distinguishable as it turns on the fact that the claimant was a single person without any dependents, a status required by the then existing state of the law. *Riggs*, is also distinguishable from the case at bar. That case dealt with a welfare recipient's challenge to a rule followed by the State's Division of Welfare. The rule required that real estate not used as a home was to be considered in determining whether a claimant was entitled to old-age assistance benefits. The claimant in that case never claimed the property was his homestead, he merely wanted his wife's rental property treated that way. The property was owned by the claimant's wife and her ex-husband and was used solely for rental purposes.

Earlier Missouri case law indicates Missouri Courts have repeatedly granted relief in circumstances similar to the case at bar. *New Madrid Banking Co. v. Brown*, 165 Mo. 32, 65 S.W. 297 (1901) demonstrates just how far a Missouri Court has gone in granting relief in a homestead abandonment case. The debtor in *Madrid* moved from his farm home and purchased a new home elsewhere. He subsequently moved his family to the new home but kept the

farm. In holding that the farm home was never abandoned as claimant's homestead the Court found that claimant never intended to abandon the original homestead; the move was believed by claimant to be temporary, induced by the wife's sickness and the opportunity to get better schooling for the children at the new location. The Court also found it relevant that claimant left personal property on the farm and visited the farm every week.

Three cases specifically deal with parties who have left a home, rented it in their absence and still had the property considered a homestead by the Courts. In *Victor v. Grimmer*, supra, the Court appears to have relied on two factors in holding that no abandonment occurred. First, the claimant demonstrated by his testimony that he moved because a saloon was built next to his property and he intended to return upon successfully having the saloon abated. Second was the fact that the claimant had again left personalty in the form of tools, furniture and chickens on the property.

The debtor in *Snodgrass*, supra left his family and sought work in another town. The family was relocated to the new location and the old home rented out. The Court found that an intent to return existed up to the point of sale of the old home and permitted the proceeds from the sale to be reinvested in a new homestead. The fact that the debtor was forced to leave his home to secure employment appeared to be the controlling factor.

Finally, in *Pocoke v. Peterson*, 256 Mo. 501, 165 S.W. 1017 (Mo.1914) debtors, husband and wife, moved from their home and rented it out while trying to make a living as traveling salespersons. The *Pocoke* Court found an intent to return existed and summarized the law of Missouri on abandonment by stating:

> "To intend to rent a homestead from month to month during a temporary absence does not constitute abandonment where the present intention to return exists. So a temporary absence for social purposes, or because of sickness or business distress, or for experimental business or school purposes, with no present intention to acquire a homestead elsewhere, does not constitute abandonment in the eye of the law".

*Pocoke v. Peterson*, id. at 1021.

The evidence shows that debtor suffered significant financial distress in 1983. She also had some personal relationships that influenced her living arrangements. But debtor's conduct supports her contention that she did not intend to abandon the premises on her homestead and that renting it was a means of obtaining sufficient funds to make payments. The Court holds, consistent with Missouri law, that debtor did not abandon her homestead and that she is entitled to claim it as exempt in this case. Creditor has failed to meet his burden of proof in objecting to debtor's claim of a homestead exemption in the Willard property. Based on the foregoing debtor's claim to homestead exemption is ALLOWED and creditor's objection is OVERRULED. SO ORDERED this 5th day of November, 1984.