Wade *v.* Jones.

----◄•◦◦•►----

## WADE, Appellant, *vs.* JONES, Respondent.

1. A man may be the "head of a family," within the meaning of the execution exemption act, though he has neither wife nor children.
2. A widowed sister keeping house for her brother, is a "member of his family," upon whom process may be served.

### *Appeal from Lincoln Circuit Court.*

This was an action begun by Wade, to recover the value of personal property, consisting of a negro woman, two cows and their calves, and a lot of bacon and other articles, alleged to have been wrongfully taken by Jones, the defendant.    Jones answered that he took the property as constable, under an execution issued by a justice of the peace, and directed to him.

The cause was submitted to the court upon an agreed statement of facts, which was substantially as follows :

The property was levied upon and sold under a regular execution, directed to the defendant. At the time of the levy, plaintiff was living on and cultivating a rented piece of ground. He had no wife nor child. His widowed sister, with four small children, lived with him and kept house for him, having no other home. He supported her and her children. The property levied upon did not exceed the value of eighty-seven dollars, and plaintiff had no other property to exceed the value of ten dollars.

Upon these facts the court below gave judgment for the defendant, and the plaintiff appealed.

*J. O. Broadhead,* for appellant. There is no reason, to be drawn either from the language or the policy of the law, why the words "head of a family" should be applied only to the father or husband. A family is a collection of individuals, having a common head. (1 Burrill's Law Dic. p. 470.) This common head may be a father or brother or any other near relative to whom, by the customs of society, the weak and helpless, whether women or children, may look for protection. (2 Bur. Law Dic. p. 785.) The members of the family do not consist merely of those whom the head of the family is under some legal obligation to protect. A father, who has living with him a family of grown daughters, is certainly the "head of a family," and yet he is under no legal obligation to support them. (See also Lambert on Dower, p. 11.)

*E. Hunt* and *W. Porter,* for respondent. The "family" contemplated by the act is that only which grows out of the marriage relations — which constitutes a legal charge on its head. It was the better to enable the husband and father (or mother, if the father be dead or absent,) to discharge these *legal obligations,* that our legislature enacted these exempting acts. Plaintiff was not the head of his sister's family ; she was the head of her own family ; she was the natural guardian of her children, and had the right to direct and control them,

until otherwise directed by a court of competent authority. She did not, by living with plaintiff, lose any of her legal rights and privileges. If an execution had been levied on her property, she could, as head of her little family, have claimed an exemption of it from sale. Her family was not broken up and separated from her, but was living with her, and the fact of her not occupying her own house did not deprive her of her rights as head of her own family. (*Woodward* v. *Murray*, 18 J. R. 400.) If her family exempted her own property from sale, surely the same family could not exempt the property of the plaintiff.

RYLAND, Judge, delivered the opinion of the court.

1. We have no doubt, from the above agreed statement of facts, that the plaintiff comes within the meaning of the phrase "head of a family," and that he should have been so considered by the court below.

The Supreme Court of Tennessee, in 1842, in the case of *Bachman* v. *Crawford*, (3 Humph. 216,) held the following language: "When a man controls, supervises and manages the affairs about a house, he is, in the largest sense, the head of the family, and all who reside in the house are members of the family. But it may be a large boarding establishment, in which half a dozen distinct families reside. We do not suppose that these families lose their character as such, because they reside under another man's roof, and feed at a common table. So two families, with equal rights and claims, may reside together, and although thus associated, they all constitute, in a large sense, one family; still the father or mother, as the case may be, exercising a distinct control over the children and servants belonging to them, constitutes each a distinct family, and the manager of each, a 'head of a family.'"

In the case of *Bachman* v. *Crawford*, (3 Humph. 216,) the court below charged the jury, "that if the plaintiff had children, who were living with her at the time the levy was

6—VOL. XX.

made, although she resided in the same house with her father, and although he might claim and exercise absolute dominion and control over the house and farm, still the plaintiff being the mother of children residing with her, would, within the meaning of the statute, be considered as the head of her own family, and within the exemption of the statute, and that there might be two families residing together, in the same house, and occupying the same apartments." This charge was held correct by the Supreme Court.

In the case of *Sallee* v. *Waters*, (17 Ala. Rep. 486,) the jury found, "that Curtis had one child dependent on him for a support; but that he had no wife, nor did he keep house; but he and his child boarded at different houses, in the town of Greenville." The court said upon this question, as to Curtis being the head of a family, from these facts found by the jury, "we think it clear that he was." But in the same case, the court said, to constitute a family, within the meaning of the act (exempting property from execution,) the *relation* of parent and child, or that of husband and wife, must exist; there must be a condition of dependence on one or the other of these relations; but it is not necessary that all the defendants should live under the same roof, or that the family should live together; it is the relation, and the dependence on that relation, and not the aggregation of the individuals, that constitutes a family."

In our opinion, it is not necessary that the relation of husband and wife, or father and child, or mother and child, should exist in every case, to constitute a family. The man who controls, supervises and manages the affairs about the house, is the head of a family, and such a man need not necessarily be a husband or a father. Much more does such a man assume the station and rank and responsibilities of the head of a family, than a father only, who has but one child, no wife, keeps no house, but boards out himself with one family, his child boarding with another family in the same village.

Here the brother, the plaintiff, had his widowed sister and

her children living with him ; he was keeping house and cultivating a small piece of ground, and provided for and supported his sister and her four small children ; the sister kept house for him. He must be considered as the controller, manager and supervisor about the house, and the head of the family.

2. Our law prescribes the mode in which defendants shall be served with the process issuing on petitions. The third and last method prescribed is as follows : " or thirdly, by leaving such copy at the usual place of abode of the defendant, with some white person of his family, above the age of fifteen years."

Suppose this plaintiff had been sued himself, and the sheriff had served the process by leaving a copy thereof with the defendant's sister, Mrs. Carter, at his usual place of abode, and stating she was a member of his family, and a white person over the age of fifteen years ; could there be a doubt about the legality of such service ? Could the defendant have convinced the court, from the facts agreed to in this record, that he had no family, and consequently the service was not sufficient? Clearly not. Then, if he has a family sufficient for this purpose, the same must serve him for other purposes.

We have no doubt the facts agreed to constitute this plaintiff " the head of a family," in the meaning and contemplation of the act, and therefore that the court below erred in declaring the law for the defendant.

The judgment is, with the concurrence of the other judges, reversed, and the case remanded for further proceedings, in accordance with the views expressed herein.