THOMAS B. DUNCAN, Respondent, *v.* LORENZ FRANK ET AL., Appellants.

### February 3, 1880.

1. In an action of trespass, where the defendant answers that, as constable, he seized the goods under execution, and the plaintiff replies that the goods were exempt and were claimed by him as the head of a family, there is no departure.

2. In such a case the reply should not set up the facts constituting the plaintiff the head of a family.

3. One who, with his elder sister, keeps house for his younger brothers and sisters is the head of a family, though his mother resides at another place and in part sustains the children.

4. A defendant in execution has the right to select the property that he will claim as exempt from execution, and it is immaterial that he has other property.

5. One who directs an illegal levy and sale to be made is a co-trespasser with the officer making it.

APPEAL from the St. Louis Circuit Court.

*Affirmed.*

GOTTSCHALK, for the appellants : The reply is a departure from the petition. — *Suman* v. *Inman*, 3 Mo. App. 596 ; *United States* v. *Morris*, 1 Paine, 209 ; *Philibert* v. *Burch*, 4 Mo. App. 470 ; Com. Dig., pl. "F." 8 ; Stephen on Pl. 413 ; *Mole* v. *Wallis*, 1 Lev. 81. The reply does not contain a defence to the new matter pleaded in the answer. — 1 Chitty's Pl. 329 ; Thomp. on Home. and Ex., sect. 880 ; *Suman* v. *Inman*, 3 Mo. App. 596 ; Wag. Stats. 604, sects. 9, 11. The plaintiff was not the head of a family. — Thomp. on Home. and Ex., sects. 46, 49–51, 61, 65, 68 ; *Abercrombie* v. *Alderson*, 9 Ala. 983 ; *Allen* v. *Manasse*, 4 Ala. 554 ; *Boykin* v. *Edwards*, 21 Ala. 264 ; *Whalen* v. *Cadman*, 11 Iowa, 226.

H. E. MILLS, with B. W. PRESCOTT, for the respondent : The seizure and sale was illegal. — *The State to use* v. *Barada*, 57 Mo. 562 ; *The State to use* v. *Kurtzeborn*, 2 Mo. App. 337. And the officer making it became liable

as a trespasser. — Freem. on Ex., sect. 215 ; *The State* v. *Moore,* 19 Mo. 369 ; *The State* v. *Farmer,* 21 Mo. 160. And those who directed the levy are co-trespassers. — Freem. on Ex., sect. 273 ; *Canifax* v. *Chapman,* 7 Mo. 175 ; *Page* v. *Freeman,* 19 Mo. 421 ; *McNeely* v. *Hunton,* 30 Mo. 332 ; *Allred* v. *Bray,* 41 Mo. 484 ; *McMannus* v. *Lee,* 43 Mo. 206. That the plaintiff " is the head of a family " is sufficiently pleaded. — *Duncan* v. *Duncan,* 19 Mo. 368 ; *Kemcayede* v. *Railroad Co.,* 45 Mo. 255 ; *Bird* v. *Cotton,* 51 Mo. 568 ; *The State to use* v. *Hussey,* 7 Mo. App. 597. The plaintiff was the head of a family. — *Wade* v. *Jones,* 20 Mo. 75 ; *Graham* v. *Crockett,* 18 Ind. 119.

BAKEWELL, J., delivered the opinion of the court.

This is an action of trespass. It appears that defendant Frank, who was a constable, levied an execution upon certain personal property of plaintiff, who set up that he was the head of a family, and claimed the property as exempt. Frank refused to proceed unless his co-defendants, Thiel and Lange, would indemnify him. They then executed to him an indemnifying bond with defendant Sennewald as surety. Frank then seized and sold the property, and it was lost to plaintiff. There was a verdict and judgment for plaintiff for $321.

Defendants filed a joint general denial. Defendant Frank afterwards filed an amended answer, in which he sets up as a defence that he was a constable, and seized and sold the goods under execution. Plaintiff replied that he had claimed as head of a family, and that defendant Frank refused to appraise or release the same, acting in this under the direction of his co-defendants. Appellants contend that there is here a departure in pleading. There is no departure in this, because there is no dereliction of the antecedent ground of complaint for another, distinct from, and not fortifying the former. Where one sued in trespass, defendant justified taking the cattle *damage-feasant* by distress, and plaintiff replied

that defendant drove them out of the county. Here was a departure, because plaintiff's only right of action was under the statute which gave damages for driving cattle taken *damage feasant* out of the hundred. Gould's Pl. 8, 3, 70. But here plaintiff's action is not upon the statute, and he could not have set out the provisions of the statute without anticipating plaintiff's defence, which he ought not to do. It was sufficient for him to make out his case, and when defendant attempted to shelter himself behind the writ, to show why the writ was no protection. Defendant's action is founded on the common law and not on any statute, and the replication does not depart from the petition by attempting to ground the action on any statute. It needed no statute to give a right of action against one who, without warrant of law, carries off and sells the goods of another. The objection seems to be founded on a misapprehension of some of the cases cited in the elementary writers on common-law pleading as instances of departure, where one declaring on a common-law right, and being unable to maintain his position, attempts to make sure his ground by abandoning his first standing-place and taking position upon a statute. This, of course, is a fault in all pleading, for the obvious reason that, if either party might thus shift about and abandon one cause of action or defence for another, the great object of pleading, which is to bring parties to an issue, would be lost, and there would be no end of such shuffling. The demurrer to the reply was properly overruled.

It was further objected that the reply should have stated the facts constituting plaintiff the head of a family. The ultimate fact that plaintiff was the head of a family was stated plainly enough. The evidential facts, and the law applicable to those facts, had no proper place in the pleading. Evidence should never be pleaded, but only issuable facts.

The evidence showed that plaintiff kept house in Carondelet with two sisters and a brother, aged respectively

twenty, eight, and seven years; that he rented the house and paid expenses, the elder sister acting as house-keeper; that his mother lived across the river, in the old family homestead, with the rest of her children; that the elder sister was not dependent on plaintiff; that the other children were expected to return to their mother when they had finished their schooling; that all contributed something to keep up the household, and that the mother occasionally visited the Carondelet family, and brought money and clothing.

A family is the collective body of persons who live in one house, under one head or manager. The relations between them must be of a permanent and domestic character, not that of those abiding temporarily together as strangers. There can be no doubt that one who, with his sister, keeps house for his younger brothers and sisters, thus partly contributing to their support, is the head of a family under the exemption laws, though neither a husband nor a father, and though the children be not wholly dependent upon him. *Wade* v. *Jones*, 20 Mo. 78. The instructions, in this respect, were warranted by the evidence, and were not erroneous.

It is immaterial that plantiff may have had other property. He had a right to select as exempt any property he chose, up to the exemption limit. If the constable claims that the defendant in his execution has other property, it is for the constable to find it, and to make it available towards the satisfaction of the execution in his hands. 2 Mo. App. 335; 44 Mo. 99; 21 Mo. 161, 510.

The co-defendants of the constable, by directing and encouraging him to commit the illegal act complained of, became liable with him.

On the pleadings and evidence, the judgment was for the right party. The finding was not excessive. We see no error to the prejudice of appellants, and the judgment will be affirmed. Judge LEWIS is absent; Judge HAYDEN concurs.