## BIFFLE v. PULLAM, *Appellant.*

### Division One, February 6, 1893.

1. **Homestead**: ALIMONY: EXEMPTION. A homestead is exempt from the levy of an ordinary execution issued on a judgment for alimony rendered in favor of the wife in a divorce suit, in the same manner and to the same extent as in cases of executions on other judgments.

2. ———: ———: STATUTE. Section 4508 of Revised Statutes, 1889, which declares that in case of divorce "the guilty party shall forfeit all rights and claims under and by virtue of the marriage" does not affect homestead rights since they are not acquired by virtue of the marriage.

*Appeal from Bollinger Circuit Court.*—Hon. JAMES D. Fox, Judge.

REVERSED AND REMANDED.

*Moses Whybark* for appellant.

(1) The statute declares the homestead to be exempt to the housekeeper or head of a family from

attachment or execution in all cases "except as herein provided." Revised Statutes, 1889, sec. 5435; *State v. Pitts*, 51 Mo. 133; *Blandy v. Asher*, 72 Mo. 27; *Davis v. Land*, 88 Mo. 436. (2) The terms "housekeeper," or head "of the family," as used in the homestead exemption statute, are not synonymous. The occupant need have no family. If he is a housekeeper the requirements of the statute are fulfilled. Black's Law Dictionary, title "Housekeeper;" *Leake v. King*, 85 Mo. 413; *Murdoch v. Dalby*, 13 Mo. App. 41. (3) Besides, the defendant for many years occupied the land, both as a housekeeper and head of a family. The right of exemption once unquestionably existed. The subsequent disruption of his family and divorce of his wife would not defeat it, unless he abandoned the property, which he never did. *Beckman v. Meyer*, 75 Mo. 333. The fact that his wife left him makes no difference. *Brown v. Brown*, 68 Mo. 388; *Whitehead v. Tapp*, 69 Mo. 415. (4) The granting of a divorce to defendant's wife and awarding her the custody of the children, did not relieve him of his duty to maintain the children. They were no parties to the quarrels of their parents, and lost no rights thereby. His duty to maintain them remained after divorce as well as before. 2 Bishop on Marriage & Divorce [6 Ed.] sec. 552. On that principle the supreme court of Texas held in a case similar to this that the homestead right in the father still remained. *Hall v. Fields*, 81 Tex. 553; *Zapp v. Strohmeyer*, 75 Tex. 638.

*W. K. Chandler* and *W. H. Miller* for respondent.

(1) The defendant is not "the head of a family" within the meaning of the statute. *James v. Dixon*, 20 Mo. 75; *Leake v. King*, 85 Mo. 417. By the decree of the court, for his fault he was deprived of his wife

and the care and custody of his children. (2) Defendant cannot avail himself of the homestead exemption as against a judgment for alimony in favor of his divorced wife. *Spengler v. Kaufman,* 46 Mo. 644.

BRACE, J.—This is an action in ejectment for a tract of land in Bollinger county. The judgment was for the plaintiff and the defendant appeals.

The undisputed facts are, that in 1871 the defendant then being a housekeeper and the head of a family acquired by deed duly executed and recorded the fee simple title to the premises in question, and with his family went into the actual occupancy thereof as a homestead; that they continued to so occupy the premises until May, 1887, when the defendant's wife deserted him, and in the following February instituted a suit for divorce against him, in which, such proceedings were had, that at the March term, 1889, of the Bollinger circuit court she obtained a decree of divorce from him and for alimony in gross in the sum of $40 and for the custody of the children of the marriage, subject to the right on his part to visit his children and to their services in time of sickness.

On the order allowing her alimony, execution was issued on the nineteenth of March, 1889, to the sheriff of said county, who levied the same upon the tract of land in question, which is less than one hundred and sixty acres in extent and of less value than $1,500, to-wit, of the value of $600. After the levy the defendant notified the sheriff that he claimed said real estate as his homestead. Nevertheless the sheriff proceeded to sell the same and the plaintiff became the purchaser thereof at the sum of $10, with full notice that the premises were claimed and occupied by the defendant as a homestead, and in due time he received the sheriff's deed therefor and brought this suit.

The defendant after his wife abandoned him continued to occupy the premises in the same manner as he had done before and so remained in the uninterrupted occupancy thereof up to the time this suit was brought.

I. When a divorce is granted the wife in the courts of this state and alimony awarded her, in addition to other means provided for its collection, the same may be enforced by suing out an ordinary writ of execution. Revised Statutes, 1889, sec. 4505.

The homestead is exempt from such execution in the same manner and to the same extent as in the case of executions upon any other judgment, the law making no exceptions in favor of executions of that character. Revised Statutes, 1889, sec. 5435. "A sale on execution under the decree would not defeat the homestead right, inasmuch as it is exempt from execution; and it is immaterial that the wife assented to such sale, or that it was for her benefit. Any such sale would be illegal, and would not affect the homestead." Smyth on Homestead, sec. 308; *Doyle v. Coburn*, 6 Allen, 71; *Byers v. Byers*, 21 Iowa, 268. The wife in this as in the last case cited, "took a general judgment for so much money, and with the execution issued thereunder she can levy upon nothing which would not be subject to levy by any other creditor."

The law providing that in case of divorce "the guilty party shall forfeit all rights and claims under and by virtue of the marriage" (Revised Statutes, 1889, sec. 4508), in no way affects such right of exemption, since such right is not acquired by virtue of the marriage; and when acquired is not for the benefit of the husband alone, but for the benefit of his family also, whose rights could not be forfeited by his wrong act. "The children are no parties to the quarrels of the parents. They lose no rights thereby." 2 Bishop's

New Work· on Marriage, Divorce & Separation, sec. 1210.·

There is no question but that the land in suit was the homestead of the defendant and his family, and so continued to be from the year 1871 up to the date of the decree of the divorce, but it is maintained that in some way the defendant's right of homestead exemption was lost by the divorce, although he still continued to remain in the actual occupancy of the premises as a homestead and sustained the same relation to the property as before, and his family still continued in existence as before. The relation which theretofore existed between him and the members of his family was indeed disturbed and broken up by the divorce, but his right to hold this property exempt from sale under execution for the benefit of himself and family was not thereby lost or destroyed, no more than if his wife had died or deserted him, and his children were absent from him; in which case he would not have lost his homestead right. *Leake v. King*, 85 Mo. 413; *Brown v. Brown's Adm'r*, 68 Mo. 388; *Beckmann v. Meyer*, 75 Mo. 333.

In case of a divorce in which the custody of the children is awarded to the wife, and provision is not made for their support out of the property of the husband, he still remains liable for their support. 2 Bishop's New Work on Marriage, Divorce & Separation, secs. 1210, 1221, 1222, 1223.

It is in entire accord with the spirit of the homestead law that so long as such liability exists the right of homestead exemption should be maintained in him. But whatever may be the rights of the father, mother and the children in the homestead *inter sese*, after such a divorce there can be no question that the law exempted it from sale under general execution, whereby they might all be deprived of that protection which the law intended to secure them. For, if the homestead

could be sold and a title passed under the execution in this case, the same result would follow a sale under an execution upon the judgment of any other creditor. The law provides other and effective means whereby the alimony of the wife can be secured; but if instead of resorting to those means she will rely upon a judgment for her alimony and a general execution for its enforcement, she must take it with all the incidents and subject to all the exemptions of an execution sued out by any other creditor. The judgment of the circuit court is reversed and the cause remanded with directions to enter up judgment for the defendant. All concur.