## WILLIAM T. FORBES et al., Respondents, v. JOHN H. GROVES, Senior, Appellant.

### Kansas City Court of Appeals, January 11, 1909.

**EXECUTION: Exemption: Head of Family.** An execution was levied on the curtesy in a town lot of the defendant who claimed it in lieu of the personal property allowed him as exempt under the statute; and the evidence is reviewed and defendant is held to have lived with his son and not to have been the head of a family possessed of the real and final authority in its affairs.

Appeal from Ray Circuit Court.—*Hon. Francis H. Trimble,* Judge.

AFFIRMED.

*James M. McPhetridge* for appellant.

(1) A man may be the head of a family within the meaning of section 3159, Revised Statutes 1899, though he has neither wife nor children. Wade v. Jones, 20 Mo. 75; State ex rel. v. Kane, 42 Mo. App. 286; Brown v. Brown, 68 Mo. 388; Whitehead v. Tapp, 69 Mo. 415; Grocery Co. v. Monroe, 142 Mo. 1.

*Lavelock & Kirkpatrick,* for respondents, filed argument.

JOHNSON. J.—This is a proceeding to quash an execution on the ground that the property levied on is exempt under the provisions of section 3162, Revised Statutes 1899. The court heard evidence, found that defendant, the execution debtor, was not the head of a family, and overruled the motion to quash. Defendant appealed.

Defendant is a justice of the peace and is tenant by the curtesy of a house and lot in the town of Hardin. He became indebted to plaintiff on the demand now in

judgment before the death of his wife and makes no claim that the property is exempt as a homestead, but does claim that as the head of a family, he is entitled to hold exempt his life estate in lieu of the property mentioned in the first and second subdivisions of section 3159, Revised Statutes 1899. The evidence shows that he owns none of the property mentioned in these subdivisions and that the value of his life estate in the house and lot does not exceed $300, but we think the evidence strongly tends to support the finding made by the court as one of fact, that he was not the head of a family and, since the finding is supported by substantial evidence, we shall not disturb it, though there is evidence in the record from which an opposite conclusion might be drawn. At the time of the levy, the property was occupied as a residence by defendant (who is seventy years old), his married son and the wife of the latter. They lived as one family, the son paid no rent, defendant paid no board. The son worked for wages and paid most of the household expenses; his wife did the cooking and the housework, and though defendant claims his will was law, we think he is mistaken about this. He occupied two rooms in the house, and while not engaged in the duties of his office, worked in the garden in season and tended to the fruit trees and shrubs on the place. Occasionally, he bought groceries and meat. It is his idea that the fruits of his toil and of his other contributions to the family table exceeded the household expenses paid by his son, but his purchases for the family could not have amounted to very much since, by his own admission, it appears that the total income from his office, which was the only income he enjoyed, did not exceed $75 per year. Taking all the facts and circumstances into consideration, we are convinced, as was the trial court, that defendant lived with his son and in lieu of paying board, gave the family the use of the house and lot rent free, worked in

the garden a little, and once in awhile, bought something for the table.

There is no real controversy over the law of the case. It is not essential that a man be married to be the head of a family. It is enough to satisfy the statute if he contribute, in part, to the support of those who have a moral, though not a legal claim on him. [Wade v. Jones, 20 Mo. 76; State to use v. Kane, 42 Mo. App. 253.] It is sufficient if he control, supervise and manage the affairs about the house. [Broyles v. Cox, 153 Mo. 242.] But a family is defined as "a collective body of persons who live in one house under one head or manager." [Duncan v. Frank, 8 Mo. App. 286.] The mere fact that defendant contributed his share to the family pot instead of paying board did not make him the head of the family. There can be but one head, and while the evidence shows that the old man was treated with the honor and respect due his age, it also shows to our satisfaction that he did not control, manage, or supervise the affairs of the household, and that his shoulders did not bear its chief burdens. Paraphrasing what was said by the Supreme Court in Grocery Co. v. Monroe, 142 Mo. l. c. 171, it is one thing to aid and assist in the support of the family and quite another to assume control of the household and manage and supervise the matters about the house. And we might add, it is one thing to be honored as the patriarch of the family and quite another to possess real and final authority in its affairs. We think the son was the head of the family.

The judgment is affirmed. All concur.