**In the Matter of Bruce Wayne MURRAY, Bankrupt.**

**No. 67B 1101(2).**

United States District Court
E. D. Missouri, E. D.

April 19, 1968.

Joseph Langworthy, Pacific, Mo., for bankrupt.

Ben Zuke, St. Louis, Mo., trustee in bankruptcy.

## MEMORANDUM

MEREDITH, District Judge.

This matter is pending on a petition by the bankrupt for review of the Referee's overruling of the bankrupt's exception to the Report of Exempt Property filed by his trustee in bankruptcy. Petitioner excepted to the disallowance of the exemptions claimed as a "head of the family" under sections 513.435 and 513.440, R.S.Mo.1959, V.A.M.S.

The question certified by the Referee for consideration by this Court is whether the bankrupt, as of his bankruptcy on May 9, 1967, is entitled to exemption provided by Missouri statute to a head of the family.

The bankrupt was separated from his wife in February of 1967. They were divorced on May 2, 1967, and she was awarded custody of their three minor children. The bankrupt was ordered to

pay $50.00 per week to his former wife for child support and was granted the right to visit the children at reasonable times. The children live with their mother in Pacific, Missouri. The bankrupt, at the time of bankruptcy, was living with his parents, who were not dependent on him for support.

This Court has jurisdiction under 11 U.S.C. § 11(a) (11) to determine the right of a bankrupt to his exemptions. The Bankruptcy Act at 11 U.S.C. § 24 provides that it shall not affect the right of a bankrupt to exemptions prescribed by the law of the state in which he is domiciled at the time of filing of the petition.

■ The federal courts, sitting as courts of bankruptcy, determine the right of the bankrupt to the exemptions prescribed by state law according to the decisions of the courts of that state which construe the applicable statutes. Dixon v. Koplar, 102 F.2d 295 (8th Cir. 1939). Accordingly, we must look to the decisions of the Missouri courts to determine whether the bankrupt is entitled to the exemptions he claims.

■ In the Court's consideration of the petition the "clearly erroneous" standard of Rule 52(a), F.R.Civ.P., applies to the findings of fact by the Referee in Bankruptcy. Gross v. Fidelity & Deposit Co. of Maryland, 302 F.2d 338 (8th Cir. 1962). However, this does not restrict the duty of the district court to correct an erroneous conclusion of law made by the Referee in Bankruptcy. Utley v. United States, 304 F.2d 746 (9th Cir. 1962).

The bankrupt claims an exemption under section 513.440, R.S.Mo.1959, which provides that "each head of a family" may select as exempt any real or personal property not exceeding in value $500, in lieu of the exempt property mentioned in subdivisions (5) and (6) of section 513.435, R.S.Mo.1959. . The exempt property mentioned in subdivision (5) is ten head of hogs, ten head of sheep, two cows and calves, and all necessary farm implements. Subdivision (6)

exempts two work animals and feed for stock. To qualify for these exemptions provided by section 513.435, a person must also be "the head of a family."

There is only one case in which the Missouri Supreme Court has passed upon whether a divorced person is entitled to a debtor's exemption. In Biffle v. Pullman, 114 Mo. 50, 21 S.W. 450 (1893), the Missouri Supreme Court allowed the homestead exemption provided by section 5435 of the 1889 Revised Statutes of Missouri. The debtor was divorced from his wife who had custody of their children. The statute provided a homestead exemption to each "housekeeper or head of a family." The Court did not discuss the meaning of the term "head of a family" but did hold that a person did not lose his homestead by divorce because there remained the duty to support his children and that as long as this duty and liability remained that the homestead exemption should be maintained in him. The creditor who was seeking to avoid the exemption was the divorced wife in a suit for past due alimony.

The Missouri courts have apparently not had an opportunity to again pass upon a similar fact situation as involved in *Biffle* and involved in the case now before this Court. The bankrupt contends that the issue of whether a divorced person was entitled to the status of "head of a family" was involved in Maag v. Williams, 92 Mo.App. 674 (St.L.Mo.App. 1902). However, the Court in *Maag* explicitly stated that that issue was not before the court and not decided. The Missouri courts in several other cases have undertaken to determine whether or not a person is entitled to the status of "head of family" required by the homestead exemption statute, presently section 513.475, R.S.Mo. 1959, V.A.M.S. and by the statutes in issue here, sections 513.435 and 513.440, R.S.Mo. 1959, V.A. M.S.

In Duncan v. Frank, 8 Mo.App. 286 (St.L.Mo.App. 1880), the issue was whether one who kept house for his younger brothers and sisters was a "head of a house", even though the mother lived

elsewhere and the younger children contributed to the expenses. The Court held that a family was a collective body of persons living together in one house under one head or manager, with a permanent and domestic relationship, which the Court found in that situation.

In Wade v. Jones, 20 Mo. 75 (1854), a person was held the "head of family" and entitled to exemption for personal property when he did not have a wife, but whose widowed sister and her children lived with him and whom he supported. The Court said that the person who supervised, controlled, and managed the affairs of a house was the "head of family", and that he need not be a husband or father. Megehe v. Draper, 21 Mo. 510 (1855), did not involve the issue of the head of family, but the Court discussed the purpose of the exemption statutes allowed to a head of family. The Court said that the legislature had in mind the family of the debtor, that the exemptions were not for the benefit of the debtor alone, but were designed to prevent as much suffering from entering a household as possible.

█ In the recent case of State v. Haney, 277 S.W.2d 632, 55 A.L.R.2d 717 (1955), the Supreme Court of Missouri said that

"To constitute a 'family' within the meaning of the homestead laws there must be two or more persons residing together under one head or manager, with the legal or moral obligation on the part of the person who occupies the position as head of the house or family to support one or more of the other members, and there must be a state of dependency, at least partial, on the part of the one receiving such support. * * * The family relationship must be of a permanent and domestic character, and the living together must not be merely a temporary expedient * * *"

The Referee in Bankruptcy overruled the bankrupt's exceptions on the grounds that the Missouri courts have defined a "family" as "a collective body of persons who live in one house, under one head" and that, therefore, in order to be the "head of a family" one must be living in the same house as the family of which one claims to be the head.

█ The 1955 decision of the Missouri Supreme Court in State v. Haney, supra, is the current law of Missouri on the requirements for a person to qualify as the "head of a family" under the Missouri debtor exemption statutes. The Missouri courts in Forbes v. Groves, 134 Mo.App. 729, 115 S.W. 451 (1909), said that there can be but one head to a family. It would seem that in this separated "family" that the divorced wife with whom the children were living would be the "head of the family".

Also pertinent is the case of Ridenour-Baker Grocery Co. v. Monroe, 142 Mo. 165, 43 S.W. 633 (Mo. 1897), where the issue was whether a daughter who provided one-half of the support required by her parents (her brother provided the other one-half) but who did not live with her parents was the "head of family". The Court, in holding that she was not the "head of family" said:

"It is one thing to aid and assist one's parents by remittances from time to time, and quite another to assume control of their household, and manage and supervise the matters about the house."

The decision of the Referee in Bankruptcy overruling the petitioner's exceptions to the report of the trustee in bankruptcy will be affirmed.