**Bruce Wayne MURRAY, Appellant,**

v.

**Ben ZUKE, Trustee of the Estate of Bruce Wayne Murray, Bankrupt, Appellee.**

**No. 19358.**

United States Court of Appeals
Eighth Circuit.
March 25, 1969.

**484**

Joseph Langworthy, Pacific, Mo., for appellant and filed briefs.

Ben Zuke, pro se.

Before GIBSON, LAY and HEANEY, Circuit Judges.

FLOYD R. GIBSON, Circuit Judge.

The sole question presented on this bankruptcy appeal is whether a divorced father who is contributing substantial support to his three minor children, who are in the custody of their mother, living separate and apart from the father, is entitled to an exemption under Missouri law as "head of a family." [1]

The District Court for the Eastern District of Missouri in a reported opinion at 284 F.Supp. 173 (1968) held that the case of State v. Haney, 277 S.W.2d 632, 55 A.L.R.2d 717 (Mo.1955) was controlling and that for a person to qualify as the "head of a family" he must be living in the same house as the family he claims to head, in addition to having a legal and moral obligation to support one or more of the collective body of persons comprising the family.

Under the Bankruptcy Act, 11 U.S.C. § 24, a bankrupt has, under prescribed conditions, a right to claim state exemptions on his assets.

The facts in this case are not in dispute. Appellant Murray is single having been divorced from his wife. He is the father of three minor children by that marriage. Custody of the three children was awarded to the mother. The mother and three children live in Pacific, Missouri, separate and apart from Murray, who lives with his parents, who are not dependent upon him for support. Murray provides $50 per week for the support of the children in compliance with the divorce decree.

Murray filed his petition in bankuptcy and was adjudicated a bankrupt on May 9, 1967. The appellee, Ben Zuke, Trustee in Bankruptcy, refused to allow Murray his claimed exemptions as the head of a family. The Referee in Bankruptcy and the District Court sustained the actions of the Trustee, holding it essential to the status of being the head of a family that the party so claiming actually live with the family in addition to meeting other requirements.

The phrase "head of a family" is not defined in any of the Missouri statutes of which it is a constituent part. Various Missouri cases have construed the phrase "head of a family" under different factual contexts in regard to the exemption statute and the homestead laws. But no Missouri case has enunciated a precise definition of the phrase under the particular or even similar factual context of the case at bar.

The homestead laws which provide a special exemption against execution by creditors utilize the same concept of an individual's status as "head of a family" for qualification purposes and lend considerable guidance in the construction of that phrase, though there is an additional requirement of occupancy under the

---

1. V.A.M.S. § 513.435 (1959) allows "the head of a family" exemptions on enumerated types of property. V.A.M.S. § 513.-440 (1959) supplements the above section by allowing an "in lieu of" exemption not exceeding $500 for the chattels mentioned in subdivisions (5) and (6) of the above section with some limitations not pertinent to this case.

homestead laws that does not necessarily apply in its entirety to the other exemption laws.

Missouri laws define homestead and require that premises claimed as a homestead "shall be used by such housekeeper or head of a family as such homestead." V.A.M.S. § 513.475 (1959). Missouri courts have construed this statutory definition of homestead to require both ownership and occupancy by the head of a family. Rouse v. Caton, 168 Mo. 288, 67 S.W. 578 (1902); St. Louis Brewing Ass'n v. Howard, 150 Mo. 445, 51 S.W. 1046 (1899); Finnegan v. Prindeville, 83 Mo. 517 (1884). Thus while occupancy is an essential characteristic of a homestead it is not necessarily essential to the head of a family concept when applied to other types of exemptions. The State, of course, could by statute or decisional law require one claiming the status as head of a family to actually live with the family. However, there is no statute to that effect nor have the Missouri courts squarely imposed this requirement in regard to the general exemption statutes. The early case of State to Use of Codding v. Finn, 8 Mo.App. 261 (1880) held that a father not living with his wife or children, who were temporarily absent from the state, and who was not even keeping a house but renting a room, was the head of a family within the meaning of the exemption laws, stating at 264:

"The head of a family, primarily, is the husband or father. To constitute a family, the members need not reside in one house. Barney v. Leeds, 51 N.H. 253. The man who has a wife and child dependent on him for support is the head of a family, though they do not reside under the same roof."

We, therefore, do not think that the Missouri courts have imposed residing with the family as an absolute require-ment for qualification under the general exemption statutes. It is our opinion that the rationale in the case of Biffle v. Pullman, 114 Mo. 50, 21 S.W. 450 (1893) controls. In *Biffle* a divorced wife who had been awarded custody of the minor children and alimony sought to enforce the award by an execution against land owned and occupied by her former husband. The husband claimed exemption under the Missouri Homestead Act, presently § 513.475. The Court held the father was obligated to support the children even though no provision was made for their support in the divorce proceeding and said at 451:

"It is in entire accord with the spirit of the homestead law that so long as such liability exists the right of homestead exemption should be maintained in him. But whatever may be the rights of the father, mother, and the children in the homestead, inter sese, after such a divorce, there can be no question that the law exempted it from sale under general execution, whereby they might all be deprived of that protection which the law intended to secure them."

Thus, in *Biffle*, a father, with an obligation to support his children, was found to be eligible for the homestead exemption, and thus was considered head of the family as required by the Missouri Homestead Act, in spite of the fact that he was divorced and neither lived with nor managed the household affairs of his former wife and children.

The Trustee in Bankruptcy argues that *Biffle* no longer has vitality because under V.A.M.S. § 452.140 (1959),[2] there are no longer any exemptions, where the purpose of the execution against property is to enforce an alimony payment, and thus a case like *Biffle* can no longer arise. It seems to us that the alteration of the statute argues against the Trustee's position, since it tends to show the

---

2. "§ 452.140. No property exempt from attachment or execution when

"No property shall be exempt from attachment or execution in a proceeding instituted by a married woman for maintenance, nor from attachment or execution upon a judgment or order issued to enforce a decree for alimony.
* * * *"

legislature's awareness that but for the statutory change, a divorced man supporting children not in his custody would still be head of the family and entitled to an exemption. And the statutory change did not affect general creditors but only the spouse.

The statutory change is not otherwise relevant since it professes to eliminate exemptions only where the purpose of the execution is to enforce an alimony award, while in the present proceeding we are concerned with the bankrupt's right to an exemption against the general creditors, not against his spouse or against his children. We do not think the statutory change eliminates the vitality of *Biffle* as applied to the instant proceeding.

Even if we assume that the purpose of the exemption statutes is to protect not the divorced father, but only the former wife and children, as perhaps the statutory change suggests, (a theory which has been doggedly resisted in Missouri, see Maag v. Williams, 92 Mo.App. 674 (1902)) still, as against general creditors, the property of the divorced husband should be preserved in order to protect the interests of the husband's former wife and family. Exemption laws are benevolent in nature and must be liberally construed. Nephler v. Rowland, 195 Mo.App. 386, 191 S.W. 1033, 1034 (Mo.App.1917). It is not necessary for us in this case to reach the question of who would prevail as head of a family in a case in which the adversary parties were the divorced father on the one hand, and the divorced mother attempting to enforce a child support judgment on the other hand. It is sufficient to say that if the Missouri courts found a divorced husband to be head of a family as against his former wife as they did in *Biffle*, surely he should be recognized as head of the family for purposes of the statute as against general creditors.

The cases relied on by Trustee Zuke of Ridenour-Baker Grocery Co. v. Monroe, 142 Mo. 165, 43 S.W. 633 (Mo.1897), Duncan v. Frank, 8 Mo.App. 286 (1880) and Wade v. Jones, 20 Mo. 75 (1854) all hold that under the particular factual context of those cases a close relative, other than the natural father, was either the head of the family or not the head of the family based on the extent of support he provided and his management of the household. We do not think these cases are in point as they do not reach the crucial issue of when a father who is the natural head of a family, and who recognizes and is discharging the obligation to support his children, shall be considered to be the head of that family.

V.A.M.S. § 451.290 (1959) [3] would indicate that the husband or father is presumed to be head of the family. Does a divorce eliminate his right to exemptions where he is otherwise discharging his obligation to care for and support his minor children? We do not think it should. In order to overcome the presumption that a father is head of his family the Missouri courts have required that for another relative to qualify as head of the family he must be the financial supporter of the family and the manager of its household affairs. See, Ridenour-Baker Grocery Co. v. Monroe, *supra*, Duncan v. Frank, *supra*, and Wade v. Jones, *supra*. But the fact that a relative other than a father is held to be head of the family because he supports it and manages its household, does not lead to the conclusion that a father who supports his family but does not live with his family, is not the head of his family. The case of *Ridenour, supra*, in viewing the general family concept states at 634 of 43 S.W.: "In the absence of proof to the contrary, we enter-

---

3. Under § 451.290:

"* * * [A] married woman may invoke all exemption and homestead laws now or hereafter in force for the protection of personal and real property owned by the head of a family, except in cases where the husband has claimed such exemption and homestead rights for the protection of his own property."

tain no doubt that the father was the head of [the] family in the contemplation of law."

In short, the Trustee's cases hold that a person who is not the father may be the head of the family if he supports the family and manages its affairs. But these are not holdings that a father may not be the head of the family unless he lives with the family and manages its affairs.

The Trustee claims that State v. Haney, 277 S.W.2d 632, 55 A.L.R.2d 717 (Mo. 1955) not only supports his position but overrules *Biffle*. Although there is some dicta in *Haney* which could be construed as supporting his position, the rationale of the opinion is that the person seeking the exemption therein had not lived consistently enough on the property claimed as an exemption to qualify it as a homestead under the Homestead Act. Nowhere in the opinion is *Biffle* mentioned. We do not consider *Haney* dispositive as it is a homestead case that requires occupancy and does not concern the rights of a natural father supporting his minor children.

The definition of any word or phrase must be considered in the factual context in which it is used or applied. Similarly any decisional construction of the phrase "head of a family" must be viewed in the light of the circumstances to which it is applied. No Missouri case has undertaken to enunciate an all-inclusive precise definition of the phrase and it may well be that the phrase is incapable of an all-inclusive precise definition, particularly in view of the manifold factual circumstances that can develop in this field.

We, therefore, feel that more than one non-inclusive definition is permissible and necessary to cover varying contexts. Since exemption laws were manifestly enacted for the relief of a debtor, and more particularly for his family, and should be liberally construed, we think a divorced father who is discharging his legal and moral obligation in supporting his minor children, should,

as against general creditors, be entitled to claim the status as head of a family under the Missouri exemption laws.

Judgment reversed and remanded for proceedings consistent with this opinion.