Robert Kenneth CONKLIN, Appellant,

v.

Edwin J. GASAWAY, Trustee, Appellee.

No. 71–1693.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 11, 1972.

Decided Oct. 25, 1972.

Rehearing Denied Dec. 4, 1972.

---

Joseph Langworthy, Pacific, Mo., for appellant.

Edwin J. Gasaway, St. Louis, Mo., for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and TALBOT SMITH, District Judge.*

PER CURIAM.

The matter before us involves, once again,[1] the "head of the family" concept. This case has to do with the exemption granted to such under Missouri law.[2] Here a trustee in bankruptcy is arrayed against a bankrupt-father who claims the exemption. Despite, however, the bankrupt's claim that he was the head of the family, the District Court, under the facts found by the referee, held that he, living apart from his family, had neither recognized nor discharged his legal obligation under the divorce decree to support his children. Consequently, it was held that the bankrupt was not, at the date of bankruptcy, the "head of a family" and thus was not entitled to enjoy such exemptions.[3]

We have heretofore considered the problem. Murray v. Zuke, 408 F.2d 483 (8th Cir. 1969), involved a bankrupt father who likewise was not living with his family, but who was, contrary to the bankrupt-father in the case before us, fully complying with the support provisions of the divorce decree and was discharging his legal and moral obligation in supporting his children. He was held to be the head of the family despite his non-resident status. The court below relied upon the *Murray* case and sought to follow its teachings but distinguished the case upon the crucial facts hereinafter set forth. Appellant argues that *Murray* was thus misconstrued. We cannot agree. The rationale of the *Murray* decision turned on the welfare of the family, the protection of their interests and the discharge of a father's familial obligations, the opinion concluding " * * * we think a divorced father who is discharging his legal and moral obligation in supporting his minor children, should, as against general creditors, be entitled to claim the status as head of a family under the Missouri exemption laws", despite the fact that he was living separate and apart from them. Here, however, such discharge was not the fact. "Under the facts as found by the referee," held Judge Regan in In Re Conklin, 334 F.Supp. 203, 204 (E.D.Mo.1971), "the bankrupt-father neither recognized nor discharged his legal obligation under the divorce decree to support his children, and therefore the referee could find under the evidence as a whole that he should not be considered to be the head of the family." Here, indeed, is the crucial factor distinguishing this case from those relied upon by appellant. Such do not involve the failure to "recognize or discharge" the claimant's legal obligations. We

---

* Eastern District of Michigan, sitting by designation.

1. "Several states use the troublesome terms 'householder' and 'housekeeper' in describing permissible claimants. Those terms have created considerable confusion, particularly when they are used in the disjunctive with 'head of a family.'" Haskins, Homestead Exemptions, 63 Har.L. R. 1289, 1294.

2. Sections 513.435 and 513.440 V.A.M.S.

3. We rule only upon the issue so presented. We do not herein rule upon any claim, specifically now, or later to be made, if any, by the wife or children under applicable statutory authority with respect to the assets of the bankrupt.

cannot agree that one who has been found so callous with respect to these obligations should nevertheless be permitted effectively to claim that he remains the "head" of the same family he has so neglected and thus enjoy the statutory exemptions granted to the head of a family.

The case of Biffle v. Pullam, 114 Mo. 50, 21 S.W. 450 (1893), does not demand a contrary result. That case involved a homestead claim. Although the "head of the family" concept is involved (with others) in Missouri homestead law,[4] there was no need to define it in *Biffle*, since the question there was simply whether the homestead was still in existence. "*Biffle* can best be understood in light of the general rule followed by the Missouri courts both before and after *Biffle*, 'once a homesteader, always a homesteader.' Bushnell v. Loomis, 234 Mo. 371, 137 S.W. 257, 263, a decision of the Missouri Supreme Court, en banc." [Footnote omitted.] In Re Conklin, *supra*.

We find no error below. Affirmed.

BRIGHT, Circuit Judge (dissenting). I do not agree.

It makes little sense to me, for purposes of defining the boundaries of "head of the family" exemption from creditors' claims, to distinguish between a divorced father who has contributed faithfully to the support of his family, Murray v. Zuke, 408 F.2d 483 (8th Cir. 1969), and a divorced father who, as in this case, has defaulted upon this same legal and moral obligation of providing support. The family in either case may need the protection afforded by the preservation of the pitifully few assets covered by the exemption. I, therefore, find no rational basis for granting the status necessary to the exemption in one case and not in the other.

Missouri law, regardless of the intervention of divorce, manifests a policy of preferring the wife and children over general creditors of the husband, or ex-husband, and father in terms of access to exempted assets. The relevant statute provides:

No property shall be exempt from attachment or execution in a proceeding instituted by a married woman for maintenance, nor from attachment or execution upon a judgment or order issued to enforce a decree for alimony or for the support and maintenance of children. * * * [Mo.Ann.Stat. § 452.140 (Supp.1972).]

Withholding "head of the family" status and thus the exemption from a divorced father who is bankrupt undermines Missouri policy. We recognized this in *Murray*, where we allowed "head of the family" status, when we said:

[A]s against general creditors, the property of the divorced husband should be preserved in order to protect the interests of the husband's former wife and family. Exemption laws are benevolent in nature and must be liberally construed. [408 F. 2d at 486.]

Here, the record discloses the bankrupt to be approximately $1100 in arrears on the child support payments of $50 per week awarded in the divorce decree. It seems likely, in these circumstances, that the bankrupt's family needs the protection afforded by exemption just as much as, if not more than, the family in *Murray*. I would apply the reasoning of that case to the present one and allow the bankrupt to claim his exemption against general creditors for the benefit of his family.

While a bankrupt father's failure to provide support should be deemed immaterial to allowing "head of the family" exemption, such default merits consideration in ensuring proper application of the exempt property. I would reverse and direct that the bankruptcy court grant the exemption, making certain in its order that the exempt assets are applied to the benefit of the bankrupt's family as, I believe, is intended under Missouri law.

4. Section 513.475 V.A.M.S.