**In the Matter of Patricia Scharlene MURRELL, Bankrupt.**

No. 77–1097C(4).

United States District Court, E. D. Missouri, E. D.

March 31, 1978.

Toby H. Hollander, St. Louis, Mo., for bankrupt-defendant.

W. Dudley McCarter, trustee pro se, Curtis L. Mann, St. Louis, Mo., for trustee.

## MEMORANDUM

FILIPPINE, District Judge.

This is an appeal pursuant to Bankruptcy Rule 801 from an Order of the Bankruptcy Judge. This Court has jurisdiction under 28 U.S.C. § 1334. The findings of fact of the Bankruptcy Judge are hereby adopted. Appellants raise one issue on appeal; that the Bankruptcy Judge erred in not finding that appellant-bankrupt was entitled to the Missouri statutory exemption as a head of a family. §§ 513.435 and 513.440, R.S.Mo.

Appellant argues that because she is contributing substantially to the support of her children, who are in the custody of their father, she is entitled to this exemption. Appellant cites the Court to *Murray v. Zuke*, 408 F.2d 483 (8th Cir. 1969) and *Conklin v. Gasaway*, 468 F.2d 752 (8th Cir. 1972). In *Murray*, the Eighth Circuit held that a father was entitled to the head of a family exemption under Missouri law, even though he was divorced and not in custody of his children, so long as he was meeting his legal and moral obligations of support. In *Conklin* the Court held that a father in the same situation who was not meeting his support obligations was not entitled to the exemption.

In neither case did the Court look to the amount of support contributed by the father as compared to the mother or other sources, "[i]t is not necessary for us to reach the question of who would prevail as head of a family in a case in which the adversary parties were the divorced father on the one hand, and the divorced mother . . . on the other hand", *Murray, supra*, at 486. Rather, the Court has focused on whether a parent is entitled to head of a family status as against their general creditors, "[s]ince exemption laws were manifestly enacted for the relief of a debtor, and more particularly for his family, and should be liberally construed, we think a divorced father who is discharging his legal and moral obligations in supporting his minor children, should, as against general creditors, be entitled to claim the status as head of a family under Missouri exemption laws." *Murray, supra*, at 487.

Appellant citing *Frontiero v. Richardson*, 411 U.S. 677, 93 S.Ct. 1764, 36 L.Ed.2d 583 (1973) argues that under the equal protection clause she is entitled to the same exemption as the male bankrupt in *Murray.*

The Bankruptcy Judge ruled against appellant because:

"(1) she was not living with her children at bankruptcy and had not been living with them for some months prior thereto; and because during such period, they were residing with their natural father, who (2) was the primary source for their economic and financial support, contributing a substantially greater sum to that support than the bankrupt, and who (3) during those months (and at bankruptcy) assumed the greater share of the responsibility for the supervision, management, discipline and control of the children's emotional and spiritual needs."

In so ruling, the Bankruptcy Judge was in error. Under the holding of *Murray, supra*, there is no requirement that a parent be residing with their children to be entitled to the exemption. Nor is there any requirement that the bankrupt prove that they are the "primary" source of economic or moral support. See *Murray, supra* at 486–87.

It is uncontroverted that appellant was providing support for her children at bankruptcy. She is entitled to the same exemption as a male in her circumstances.

Accordingly, the Order of the Bankruptcy Court is REVERSED, and this matter is remanded for further proceedings in accordance with this opinion.