**In the Matter of Patricia Scharlene MURRELL, Bankrupt.**

**W. Dudley McCARTER, Trustee in Bankruptcy, Appellant,**

v.

**Patricia Scharlene MURRELL, Appellee.**

No. 78–1503.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1978.

Decided Dec. 20, 1978.

Rehearing and Rehearing En Banc Denied Jan. 11, 1979.

---

A. Thomas Dewoskin and Curtis L. Mann of Mann & Poger, St. Louis, Mo., on brief, for appellant.

Toby H. Hollander of Hollander & Vaughan, St. Louis, Mo., on brief, for appellee.

Before HEANEY and ROSS, Circuit Judges, and SMITH, Senior District Judge.*

PER CURIAM.

The trustee in bankruptcy appeals from a decision of the District Court determining that Patricia Scharlene Murrell, the bankrupt, was entitled to the Missouri statutory exemption as a head of a family. Mo.Ann. Stat. §§ 513.435, 513.440 (Vernon). The Missouri statutes are made applicable to the proceeding by virtue of § 6 of the Bankruptcy Act, 11 U.S.C. § 24. A bankruptcy judge had entered an order at the conclusion of a hearing holding that Murrell was not the head of a family. Murrell appealed

that order to the District Court which reversed the bankruptcy judge and remanded the cause to the bankruptcy court. We reverse.

Murrell was divorced from her husband in 1969. She was awarded permanent custody of the couple's two minor children. The dissolution decree provided that her husband was required to pay $25 per week as child support. The decree also provided that Murrell was to claim the children as dependents on her income tax returns filed subsequent to the divorce.

The children did not live with Murrell at the time the bankruptcy petition was filed on May 26, 1977. Since the end of June, 1976, the children have been living with their father. They began living with him so that they could spend the summer with him, and stayed on because Murrell was unemployed and could not provide a home for them. She had left her job as a regional coordinator for the University of Illinois in August, 1975. In the fall of 1975 she became a Ph.D. student at Washington University. She taught a course for one semester and earned $700. In November, 1976, she became re-employed as a social worker for the State of Missouri with a salary of $970 per month.

During the period from November, 1976, through bankruptcy, Murrell spent less than $125 per month on her two children. The expenditures were in the form of some direct contributions to her husband for the support of the children, clothing, medicine and Christmas presents. Her husband during the same period provided a home for the children, paid all of the expenses of the children, other than those paid by Murrell, and claimed the children as dependents on his income tax returns. There is no indication in the record that the situation that existed in this period will not be a continuing one.

The bankruptcy judge held that Murrell could not claim a head of a family exemption because:

---

* The Honorable TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

(1) she was not living with her children at bankruptcy and had not been living with them for some months prior thereto; and because during such period, they were residing with their natural father, who (2) was the primary source for their economic and financial support, contributing a substantially greater sum to that support than the bankrupt, and who (3) during those months (and at bankruptcy) assumed the greater share of the responsibility for the supervision, management, discipline and control of the children's emotional and spiritual needs.

The District Court, citing our decisions in *Conklin v. Gasaway,* 468 F.2d 752 (8th Cir. 1972), *cert. denied,* 412 U.S. 951, 93 S.Ct. 3018, 37 L.Ed.2d 1004 (1973) and *Murray v. Zuke,* 408 F.2d 483 (8th Cir. 1969), held:

[T]he Bankruptcy Judge was in error. Under the holding of *Murray, supra,* there is no requirement that a parent be residing with their children to be entitled to the exemption. Nor is there any requirement that the bankrupt prove that they are the "primary" source of economic or moral support. See *Murray, supra* at 486–87.

It is uncontroverted that appellant was providing support for her children at bankruptcy. She is entitled to the same exemption as a male in her circumstances.

In our view, the District Court was in error. We agree: (1) that a husband and a wife must be treated the same under the equal protection clause; (2) that as between the head of a family and the general creditors we should construe the exemption liberally in favor of the parent; and (3) that head of a family status is not determined solely on the basis of who makes the largest financial contribution to the children's support. We cannot agree, however, that Murrell was entitled to the head of a family exemption. She did not provide a home for her children after she became re-employed in the fall of 1976, she did not assume a significant share of the responsibility of the every day care and supervision of the children, she did not make a substantial financial contribution to their care when measured against her income, and she did not fulfill her obligations under the divorce decree.

The decision of the District Court is reversed and remanded for further proceedings consistent with this opinion.