**In re Michael Todd SMITH, Jeri Corrine Smith, Debtors.**

**No. 02–30592–JWV.**

United States Bankruptcy Court,
W.D. Missouri,
Southwestern Division.

Aug. 21, 2002.

## AMENDED MEMORANDUM ORDER

JERRY VENTERS, Bankruptcy Judge.

This matter comes before the Court on the Trustee's Objection to Debtors' Claim of Exemptions (Document # 7) filed by the Trustee, Norman Rouse ("Trustee"), on July 1, 2002. The Debtors, Michael and Jeri Smith ("Debtors"), filed a Response to the Motion (Document # 8) on July 3, 2002. On July 25, 2002, a hearing was held on this matter at the Jasper County Courthouse in Carthage, Missouri, and the Court took the matter under advisement. The Court has reviewed the file and the pleadings and the relevant case law and is now prepared to rule.[1]

The facts are undisputed and can be briefly stated. The Debtors operated a used car dealership called "Twisted Metal" in Lamar, Missouri. In the operation of the business, Michael Smith would purchase wrecked vehicles from auto auctions and would repair and rebuild them, and would then sell them, generally for prices in the $1,200.00 to $1,500.00 range. The rebuilt cars were usually sold to buyers with bad credit. The Debtors would require a down payment of $300.00 or $400.00 on a vehicle, and would take a promissory note for the balance owed, secured by a lien on the vehicle. Jeri Smith worked as bookkeeper, salesperson, and collection manager for the business.

In their bankruptcy schedules, the Debtors scheduled accounts receivable of $37,300.00, which consisted of the numerous unpaid notes for auto loans that the Debtors had financed through the business. The Debtors claimed $33,570.00 of the receivables as exempt property pursuant to Mo. REV. STAT. § 525.030(2)(A).[2] In their Response to the Trustee's Objection, the Debtors asserted that "the notes receivable are a result of profit generated by the debtors from their used cars (sic) operation. As such, the receivables are income of the debtors in that these assets are the sum and substance of all of their work and skill." At the hearing, the Debtors expanded their argument to claim the accounts receivable were a result of their combined personal services and as such are entitled to be exempt as earnings under the statute.

■ Missouri law does, indeed, provide an exemption for the earnings of an individual. Section 525.030.2 states, in relevant part:

The maximum part of the aggregate earnings of any individual for any workweek, after the deduction from those earnings of any amounts required by law to be withheld, which is subjected to garnishment may not exceed (a) twenty-five percentum, or (b) the amount by which his aggregate earnings for that week, ..., exceed thirty times the federal minimum hourly wage ..., or, (c) if the employee is the head of a family ..., ten percentum, whichever is less .... *The term "earnings" as used herein means compensation paid or payable for personal services,* whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.

of the receivables as exempt under other state statutory provisions which have not been challenged by the Trustee. Inexplicably, the Debtors did not claim the balance of $2,780.00 in receivables as exempt under any statutory provision.

---

1. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and the Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

2. There is no such subsection in the statute. It appears the exemption is claimed pursuant to § 525.030.2. The Debtors claimed $950.00

Mo. Rev. Stat. § 525.030(2). (emphasis added)

Earlier this year, the Court had an opportunity to examine whether a debtor attorney's accounts receivable from her law practice constituted earnings for personal services in *In re Butler,* 2002 WL 215503 (Bankr.W.D.Mo.2002). In that case, the Chapter 13 Trustee objected to the debtor's exemption of accounts receivable for legal services rendered. The Court held that the accounts receivable were in fact attributable to the debtor's personal services provided to her clients and as such were exempt pursuant to § 525.030. See also *Parsons v. Union Planters Bank (In re Parsons),* 280 F.3d 1185 (8th Cir.2002).

In the present case, unlike in *Butler* and *Parsons,* the Debtors did not obtain these accounts receivable for personal services performed directly for their customers. Instead, the Debtors used their efforts to restore automobiles, which they then resold to the public. The Debtors did not provide a personal service to anyone; they provided a product—used automobiles with financing—to their customers. The case at bar is analogous to *In re Mahoney,* 100 B.R. 472 (Bankr.E.D.Mo.1989), in which the court held that an inventor receiving periodic payments from the sale of a device invented by the debtor was not entitled to an exemption pursuant to § 525.030 because the payments were not compensation for personal services. While expressing empathy for the debtors, the court concluded that the statute could not be extended to include those individuals that "expend their own time and energy creating a new product." *Id.* at 474. Likewise, this Court will not extend the statute to include accounts receivable that are merely fruits of a business transaction, not the result of personal services provided by the Debtors to their customers.

It is noteworthy that, in their Response to the Trustee's Objection, the Debtors argued that the assets were *notes* receivable, not *accounts* receivable, and that they represented the *profits* of the Debtor's used car business. These admissions come closest to the truth and take the assets yet another step away from inclusion in the statute's definition of *earnings.* On the facts before the Court, it is clear that the notes held by the Debtors are, indeed, *notes* receivable and that they do, indeed, represent some of the *profits* (albeit unrealized) earned by the Debtors from the sale of vehicles through their used car lot. They are clearly not *earnings* that come within the parameters of § 525.030.2.

■ Finally, even if the notes receivable could be characterized as earnings, the Court could not find that the entire $33,570.00 claimed as exempt by the Debtors under § 525.030.2 could be exempted as earnings. The notes represent the balance of the sales prices of the vehicles after crediting the buyers for all payments made; they do not represent solely the labor of the Debtors in repairing and rebuilding the vehicles. Quite obviously, the notes would encompass amounts that were expended by the Debtors for the purchase of the wrecked autos and for parts that were necessary in putting the cars in operating condition. The Debtors have made no attempt to break out what portion of the notes receivable is attributable to their labor and what portion is attributable to these other costs. Accordingly, the claim to an exemption under § 525.030.2 would not be allowable—at least not in its entirety—in any event.

■ While exemption statutes are to be liberally construed, thereby according favorable consideration to the debtors, *Murray v. Zuke,* 408 F.2d 483, 487 (8th Cir. 1969), the Court must apply the statute as

it is written. It is clear that notes receivable or accounts receivable that are generated from the sale of used automobiles are not earnings for personal services as defined by Mo. REV. STAT. § 525.030.2.

Therefore, it is

**ORDERED** that the Trustee's Objection to Debtor's Claim of Exemptions (Document # 7) be and is hereby **SUSTAINED**.